626 F.2d 811
 Joseph W. HENKLE, Sr., Plaintiff-Appellant,
v.
Allan B. CAMPBELL, Chairman of the United States Civil
Service Commission; Jule Sugarman, Vice Chairman of the
Commission; Ersa H. Poston, Member of the Commission, in
their official capacity as Members of the United States
Civil Service Commission; and the United States Postal
Service, Defendants-Appellees.
 No. 79-1196.
 United States Court of Appeals,
Tenth Circuit.
 Argued May 9, 1980.
Decided Aug. 4, 1980.
 
 Michael S. Holland, Russell, Kan., for plaintiff-appellant.
 Gregg R. Sackrider, Asst. Regional Labor Counsel, U. S. Postal Service, Chicago, Ill. (James P. Buchele, U. S. Atty., Sharon A. Werner, Asst. U. S. Atty., Wichita, Kan., and Stephen E. Alpern, Associate Gen. Counsel, Office of Labor Law, U. S. Postal Service, Washington, D. C., with him on brief), for defendants-appellees.
 Before SETH, Chief Judge, SEYMOUR, Circuit Judge, and MILLER, Judge.*
 MILLER, Judge.
 
 
 1
 This appeal is from the district court's order granting a motion by the Civil Service Commission ("Commission") for summary judgment and dismissing plaintiff-appellant's action against the Commission for terminating him as Postmaster because of insubordination. 462 F.Supp. 1286 (D.Kan.1978).
 
 
 2
 The district court concluded that the charges of insubordination were supported ("(u)nder either a substantial evidence or a rational basis test") by the evidence before the Commission and that the Commission's decision was not arbitrary, capricious, or without a rational basis in law.
 
 
 3
 Our scope of review on appeal is narrow. We must uphold the Commission's findings of fact if they are supported by substantial evidence.[1] Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 491, 71 S.Ct. 456, 466, 95 L.Ed. 456 (1951); accord Ballard E. Spencer Trust, Inc. v. Morton, 544 F.2d 1067, 1069 (10th Cir. 1976). Also, in reviewing the Commission's application of legal concepts to the facts, we must insure that "the required procedures have been followed and that the (agency's) action is not arbitrary or capricious." Hurley v. United States, 575 F.2d 792, 793 (10th Cir. 1978).
 
 
 4
 Under 5 CFR 752.104(a), "An agency may not take an adverse action against an employee . . . except for such cause as will promote the efficiency of the service." Removal for insubordination satisfies this requirement. Studemeyer v. Macy, 321 F.2d 386 (D.C.Cir. 1963). See Meehan v. Macy, 392 F.2d 822, 836 (D.C.Cir.), modified, on another point, 425 F.2d 469 (1968), aff'd en banc, 425 F.2d 472 (1969). See also Arnett v. Kennedy, 416 U.S. 134, 159-63, 94 S.Ct. 1633, 1646-1649, 40 L.Ed.2d 15 (1974).
 
 
 5
 The dispositive question is whether appellant's response to an order from his supervisor constituted insubordination and, thus, provided a rational basis for his termination as Postmaster under Charge # 1, which states:
 
 
 6
 Charge # 1 Refusal to Accept and/or follow the Directives of your Superiors
 
 
 7
 A. On or about December 30, 1976, the undersigned accompanied by Messrs. Loren Barton, Lewis Taylor and Wesco Cation of the Wichita KS Post Office, visited the Great Bend Post Office for the purpose, in part, of resolving a customer service problem you were experiencing with Great Bend, KS Chief of Police H. R. Salmans. During the course of that discussion in your office and in the presence of Mr. Barton and Mr. Cation, I instructed you to refrain from referring to the local Police Chief as a "chicken shit, son of a bitch" and restrict your conversation with him to a professional level. In reply thereto, you stated, "Man, you are crazy. Nobody on earth can keep me from calling the Police Chief a chicken shit, son of a bitch. That's what he is; I've called him that before and I'll call him that again to his face." It is therefore evident you failed to accept the directive of your superior.
 
 
 8
 B. On or about January 4, 1977, I sent you a registered letter (# 30385), directing you to report for a fitness for duty examination with Doctor Gary Keeny, Broadway Medical Center, 841 North Broadway, Wichita, KS, scheduled for 10:45 a. m., January 11, 1977. On or about the morning of January 10, 1977, you telephoned me to advise that you had no intention of taking the scheduled physical examination. On January 11, 1977, you did not report for the medical examination as directed.
 
 
 9
 The question is not, as put by appellant, simply whether there is proof that, following the order, appellant actually so addressed the Police Chief to his face. Rather, the question involves the supervisor's reasonable understanding of the intentions of appellant shown by his response to the order.
 
 
 10
 The testimony of every witness (except appellant) at the hearing before the Commission underscores appellant's strongly stated intention to not obey the order.
 
 
 11
 We agree with the district court's findings that appellant "chose to slight a directive of his supervisor in an insubordinate manner" and that appellant's "refusal to report for the (fitness for duty) examination was insubordination." Further, we are satisfied that the district court correctly concluded that the charges of insubordination were supported by substantial evidence before the Commission. Appellant points out that the single instance of refusing to report for a fitness for duty examination is insufficient to sustain Charge # 1 B. However, we regard this refusal to report as merely a cumulative factor supporting Charge # 1.
 
 
 12
 Accordingly, we conclude that there was clearly a rational basis for the Commission's action and hold that the district court did not err in granting the Commission's motion for summary judgment and in dismissing plaintiff-appellant's action.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Jack R. Miller of the United States Court of Customs and Patent Appeals, sitting by designation
 
 
 [1]
 In Consolo v. Federal Maritime Commission, 383 U.S. 607, 619-20, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966), the Supreme Court said:
 We have defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. Labor Board, 305 U.S. 197, 229 (59 S.Ct. 206, 83 L.Ed. 126) . . . . This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.