**Idessa ROSS, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 80–2174.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1981.

Decided Nov. 20, 1981.

**192**

Kendrick, Wickersham & Merryman, William R. Merryman, Kansas City, Mo., for petitioner.

J. Whitfield Moody, U. S. Atty., Richard J. Nolan, Asst. U. S. Atty., Kansas City, Mo., for respondent.

Before HEANEY and STEPHENSON, Circuit Judges, and OLIVER,* Senior District Judge.

* The Honorable JOHN W. OLIVER, United States Senior District Judge, Western District

PER CURIAM.

Idessa Ross, an employee of the United States Postal Service, was removed from employment with the service on July 6, 1979. Ross appealed his removal to the Merit System Protection Board on July 25, 1979. An appeals officer of the Board heard the matter in September, and issued his decision on November 2. Thereafter, Ross asked the full Board to review the matter. A year later, on November 20, 1980, the Board declined to review Ross's appeal on the ground that it failed to meet the criteria for review, and notified Ross that the initial decision would be final five days later. Ross then petitioned this Court for review.

Judicial review of dismissal from federal employment is limited to a determination that the applicable procedures have been complied with, and that the dismissal was supported by substantial evidence and was not arbitrary and capricious. *Alsbury v. United States Postal Service,* 530 F.2d 852, 854 (9th Cir.), *cert. denied,* 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91 (1976). We have carefully reviewed the record and hold that there is substantial evidence on the record as a whole to support the Board's decision, and that no errors of law appear. Moreover, the notice of proposed removal was sufficiently specific to put Ross on notice of the charges that he would have to face and was consistent with 5 U.S.C. § 7513(b)(1). The hearing officer did not improperly consider matters not within the specification of charges. Finally, the Board's letter of decision set forth the reason for Ross's removal with sufficient specificity to comply with 5 U.S.C. § 7513(b)(4). We need not decide here whether the Board should have considered Ross's past record in determining whether his discharge was justified. The Board found that removal was justified for the reasons specified in the notice, and we find that the dismissal was

of Missouri, sitting by designation.

supported by substantial evidence and was not arbitrary and capricious. Therefore, we may not set aside the Board's decision. 5 U.S.C. § 7703(c).

We find no merit to Ross's contention that the full Board was required to review the initial decision, or his claim that it was required to state more clearly and fully its reasons for declining to review that decision. Additional findings are unnecessary where an initial decision is affirmed by the Board. *Blackmar v. United States*, 120 F.Supp. 408, 415 (Ct.Cl.1954). In such cases, the petitioner has been furnished with the findings on which disposition of his appeal was based as required by the statute. *Id.*

In affirming the Board, we note that it delayed nearly a year in deciding whether to review the initial decision. While delays of this length may be prejudicial and cannot be countenanced, no prejudice to Ross from the delay has been shown. Therefore, Ross was not denied due process. *Alsbury v. United States Postal Service, supra,* 530 F.2d at 855.

We affirm the decision of the Board.