**Bruce M. RISNER, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION, Respondent.**

No. 81–2030.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1982.

Decided May 3, 1982.

Charles C. Shafer, Jr., George S. Murray, III, Kansas City, Mo., for petitioner.

Robert G. Ulrich, U. S. Atty., Linda L. Parker, Asst. U. S. Atty., Kansas City, Mo., for respondent.

Before STEPHENSON, Senior Circuit Judge, ARNOLD, Circuit Judge, and BARTLETT,* District Judge.

PER CURIAM.

Bruce Risner appeals a Merit Systems Protection Board (MSPB) decision that held that the Federal Aviation Administration (FAA) properly dismissed him from his position at its National Communications Center (NATCOM). He raises the following issues: (1) the FAA improperly dismissed him in retaliation for his complaint of managerial harassment; (2) his removal did not promote the efficiency of the agency as required by 5 U.S.C. § 7513(a); and (3) his dismissal was improperly based on his refusal to take an unconstitutional fitness-for-duty examination. For the reasons stated below we affirm.

Substantial evidence of the following facts is in the record. Risner was employed by the FAA at NATCOM as a computer operator from March 25, 1974, through March 28, 1980. NATCOM is the FAA's only continuously operating computer facility—it gathers and transmits aeronautical and meteorological information. Beginning November 21, 1978, Risner made a habit of carrying a hand-held tape recorder with him at work. He used it to record his co-workers' conversations. Such behavior was not part of his job as a computer operator, and it elicited complaints from supervisors and co-employees. He carried a camera, and on one occasion photographed some technicians watching television. This incident led to an altercation. He also carried a briefcase which he refused to let anyone inspect. Employees thought it contained weapons. In the autumn of 1979, Donald Wiseman, a special agent for the office of

the Inspector General, Department of Transportation, conducted a preliminary inquiry into a complaint brought by Risner alleging harassment by the management at NATCOM. The charges were unsubstantiated.

On January 9 and 14, 1980, George Blair (Risner's supervisor), C. H. Lynch (Chief of NATCOM), and other FAA personnel met with Risner and attempted to get him to conform to more acceptable modes of behavior. Risner refused to comply with their requests that he stop carrying a tape recorder and camera to work, and he insisted that he could keep his briefcase in the workplace guarded and unavailable for inspection. He also refused to comply with their requests that he subject himself to a fitness-for-duty medical examination. He was thereafter placed on involuntary sick leave. There was an additional meeting between William Pollard, FAA Central Region Air Traffic Division Chief, and Risner on February 27, 1980. Risner again refused to submit to an examination.

On March 28, 1980, the agency discharged him for two reasons: (1) unsuitability due to on-duty conduct which required a medical evaluation to determine whether he was a safety and operational risk to the operation of NATCOM, and (2) refusal to follow orders and insubordination. Risner appealed to the Merit Systems Protection Board; an administrative law judge upheld the agency decision on August 1, 1980. Risner appealed to the Board itself for review of this decision on September 2, 1980. By opinion and order of August 25, 1981, the MSPB reviewed the stated reasons for dismissal and upheld the agency's decision. This petition for review followed.

We first note that the scope of judicial review of MSPB decisions is narrow. We will affirm rational decisions to dismiss if they are supported by substantial evidence. *Ross v. United States Postal Service*, 664 F.2d 191 (8th Cir. 1981) (per curiam).

---

* The Hon. D. Brook Bartlett, United States District Judge for the Western District of Missouri, sitting by designation.

There is substantial evidence supporting the MSPB's holding that Risner was fired for unsuitable on-duty conduct and insubordination, and not in retaliation for his complaint against his superiors and the agency. Risner's bizarre behavior provoked his co-employees and supervisors. They believed, not without reason, that he was potentially dangerous. The agency attempted to correct the situation by talking to him and directing him to stop his disruptive behavior. He refused to desist from carrying his recorder and camera to work, and he would not let anyone examine his briefcase despite apprehensions that it contained a weapon. He repeatedly refused to take a fitness-for-duty examination. It was well within the MSPB's discretion to find that he was properly terminated by the agency.

Risner's assertion that the above conduct did not warrant dismissal is without merit. 5 U.S.C. § 7513 states that an agency may dismiss an employee "only for such cause as will promote the efficiency of the service." This provision simply requires that the agency have a rational basis for discharging an employee. See *Henkle v. Campbell*, 626 F.2d 811 (10th Cir. 1980).

Risner argues that the order to take a medical examination under 5 U.S.C. § 8347(c) was somehow unconstitutional because, at the time, a decision to retire an employee as disabled after an examination was not subject to judicial review. The mere fact that the legislature subsequently provided employees with a right to judicial review does not mean that without it the procedure violated due process. The fitness-for-duty examination is a useful procedure to determine an employee's competency to perform his duties, and we agree with those courts which have held that failure to submit to such an examination, when there are good reasons for directing an employee to submit to it, is insubordination and can justify discharge. See *Henkle v. Campbell*, 626 F.2d 811 (10th Cir. 1980); *Smith v. United States Air Force*, 566 F.2d 957 (5th Cir.), *cert. denied*, 439 U.S. 819, 99 S.Ct. 80, 58 L.Ed.2d 109 (1978).

The decision of the Board is affirmed.