702 F.2d 160
 William D. JONES, Petitioner,
v.
FARM CREDIT ADMINISTRATION, Respondent.
 No. 82-1563.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 14, 1983.
Decided March 22, 1983.
 
 Donald A. Roberts of Lustgarten & Roberts, Omaha, Neb., for petitioner.
 Ronald D. Lahners, U.S. Atty., D. Nebraska, and Paul W. Madgett, Asst. U.S. Atty., Omaha, Neb., for respondent.
 Before LAY, Chief Judge, HEANEY and FAGG, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 William D. Jones seeks review of a Merit Systems Protection Board (MSPB) decision upholding his removal by the Farm Credit Administration (FCA). Jones argues that the FCA violated his right to due process by instituting removal proceedings against him while he had a related grievance in process. Jones further contends the MSPB's decision was an abuse of discretion, arbitrary and capricious, and lacked substantial evidentiary support. We affirm.
 
 
 2
 The FCA employed Jones as a Farm Credit Examiner in its Western Division. In May of 1979, Jones' supervisor notified him that he would be suspended for seven days for failure to follow instructions and disrespectful conduct towards his supervisors. Jones instituted a grievance of that suspension. While the grievance was pending, Jones' supervisor notified him of his proposed removal. On August 23, 1979, the FCA sustained Jones' suspension. On the same day the FCA's chief examiner removed Jones from his position effective August 31, 1979. Jones appealed to the MSPB's St. Louis field office. After a hearing, the presiding official sustained Jones' removal on the grounds of insubordination, absence without leave, and failure to follow instructions. The MSPB subsequently vacated and remanded this initial decision. The presiding official held another hearing, made some additional findings of fact, and again sustained Jones' removal. On April 3, 1981, the Board affirmed the initial decision as modified. This petition for review followed.
 
 
 3
 The record discloses Jones had a continuing disagreement with his supervisors over the correct way to fill out his auditing reports which escalated into instances of insubordination and absences without leave. The FCA audit manager advised Jones in May that he was facing suspension after he ignored three memoranda from his supervisor directing him to correct and complete working papers he had submitted for his auditing assignments. Jones responded by filing a grievance asserting the papers were not inadequate and that he was being harassed. Thereafter he refused to make the requested changes on the documents in controversy and on other reports that his supervisors maintained were similarly deficient.
 
 
 4
 The reports became the object of a standoff between Jones and his supervisors. The supervisors ordered Jones to spend a week at the regional office attending an interpersonal communications course and working on his reports. Jones first threatened not to attend and then arrived one day late and left one day early. He also refused to report to the division office on July 9, 1979, to avoid working on audit reports he considered related to his grievance. Jones went to work on July 16, 1979, after being notified he was considered absent without leave. He refused to work on the reports, however, and attended to personal matters while at work until he was granted annual leave on July 20. He also disobeyed direct orders to account for his official time on the days he was absent and to complete a thorough evaluation of the training course he attended. Throughout this period Jones' supervisors warned him that his behavior was unacceptable and could result in removal.
 
 
 5
 Jones first argues the FCA violated his due process rights by commencing the removal proceeding before the pending grievance was resolved. We disagree. The removal proceeding was based upon additional instances of misconduct. Moreover, in its final decision, the MSPB found Jones could have corrected his reports as instructed without jeopardizing his grievance. The MSPB further found Jones' actual motive in refusing to correct the papers was not to protect his due process rights, but to vindicate his belief that he was right and his supervisors were wrong. His refusal to complete tasks unrelated to his grievance bears out this conclusion. Jones' grievance did not suspend his duty as an employee to follow the directions of his supervisors regardless of his personal views. Jones' due process claim thus fails.
 
 
 6
 Jones' second contention, that the Board's decision was arbitrary and capricious and lacked substantial evidentiary support, is also without merit. Judicial review of MSPB decisions is narrow in scope. See 5 U.S.C. Sec. 7703(c). We will affirm rational decisions to dismiss federal employees if applicable procedures were followed and substantial evidence supports the MSPB's determination. Risner v. United States Department of Transportation, 677 F.2d 36, 37 (8th Cir.1982); Ross v. United States Postal Service, 664 F.2d 191, 192 (8th Cir.1981). The record contains substantial evidence that Jones was insubordinate on four occasions, refused to follow instructions, and was absent without leave on three occasions. These grounds justify discharge. See Risner v. United States Department of Transportation, supra, 677 F.2d at 38.
 
 
 7
 Finally, Jones asserts the MSPB abused its discretion when it affirmed the presiding official's second decision even though he had not strictly followed the directions accompanying remand. The MSPB based its final decision on evidence in the record, including the transcript of the evidentiary hearing held on remand. We find no abuse of discretion in its decision.
 
 
 8
 Accordingly, the decision of the MSPB is affirmed.