Duke E. TILLEY

v.

**Anthony M. FRANK, Postmaster General, United States Postal Service.**

**Civ. A. No. 89–212–A.**

United States District Court, M.D. Louisiana.

Jan. 24, 1990.

---

**1294**

Dan M. Scheuermann, 405 St. Ferdinand St., Baton Rouge, La., for plaintiff.

John J. Gaupp, Asst. U.S. Atty., M.D.La., Baton Rouge, La., John C. Oldenburg, Sr. Atty., Office of Field Legal Services, S.D., U.S. Postal Service, Memphis, Tenn., for defendant.

## RULING ON MOTIONS

JOHN V. PARKER, Chief Judge.

This matter is before the court on the motion for partial dismissal and for partial summary judgment of defendant, Anthony M. Frank, Postmaster General, United States Postal Service. Plaintiff has filed an opposition. There is no need for oral argument. Jurisdiction is allegedly based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c).

In this alleged discrimination action, plaintiff claims that he was improperly demoted from his position of Supervisor, Mails, EAS Level 15, to the position of Electronics Technician, PS Level 9, at the United States Postal Service, where plaintiff is employed. Plaintiff contends the demotion is not supported by substantial evidence, was not proportionate to the conduct alleged, and was actually based on his race (black), and on reprisal for filing prior EEO complaints. Plaintiff also alleges that he was denied a fair hearing, since he did not have adequate time to prepare for the hearing, and that one of his desired witnesses was not allowed to testify.

Plaintiff asserts causes of action under 42 U.S.C. § 2000e–2, et seq. (§§ 703 and 704 of Title VII), 42 U.S.C. § 1981, and the Fourteenth Amendment.

On May 6, 1988, plaintiff received a letter informing him that he would be demoted on May 9, 1988 for failure to perform his duties in a professional manner. (Specifically, for shouting at a subordinate and failing to follow the directions of and becoming argumentative with a superior.)

Plaintiff contends that he shouted at the subordinate, Mr. Thomas Molden, on March 24, 1988 in order to be heard above the noise level in the mail processing room. Plaintiff further contends that the allegation of insubordination, which was used to support his demotion, was unfounded, since he claims he did not fail to respond to his superior's request, he simply did not hear the request until it was subsequently made.

On May 23, 1988, plaintiff appealed his demotion to the Merit Systems Protection Board, Rebecca D. Westfall, Administrative Judge. On September 23, 1988, the Administrative Judge issued her decision affirming plaintiff's demotion. On February 21, 1989, 40 M.S.P.R. 38, the full board of the Merit Systems Protection Board denied plaintiff's appeal of the original adverse decision by the Administrative Judge. The present complaint was subsequently filed in this court on March 21, 1989.

By way of this motion, defendant contends that he is entitled to summary judgment on the issue of the appeal of the ruling of the MSPB, since the MSPB decision allegedly does not violate the standards of review set forth in 5 U.S.C. § 7703(c). Defendant also argues that plaintiff's claims under § 1981 and for compensatory damages should be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Plaintiff, however, alleges that the MSPB decision does violate the standards of review set forth in the applicable statute. Further, plaintiff contends that he was denied due process of law in the administrative hearing process, and that he was inadequately represented by counsel at the administrative level. Plaintiff also states that a previous verbal altercation between plaintiff and Arden Simoneaux should be examined by this court, and that he is entitled to sustain his § 1981 claim and to seek compensatory damages.

A. Standard of Review Applicable to this Action

■ Plaintiff suggests that this entire action is subject to de novo review by this court. Plaintiff, however, is mistaken. This action is a "mixed" action, in which plaintiff seeks review of an MSPB decision on a nondiscriminatory claim, and he also asserts a claim for discrimination under Title VII. 42 U.S.C. 2000e–16(c). See *Gomez v. Dept. of the Air Force,* 869 F.2d 852, 855–857 (5th Cir.1989) for a discussion of "mixed" cases.

Although this court has been unable to find a Fifth Circuit case directly addressing the standard of review applicable in "mixed" cases, and none has been cited by the parties, the Ninth Circuit has confronted the issue. In *Romain v. Shear,* 799 F.2d 1416, 1421 (9th Cir.1986), the court found that

> Ordinarily, petitions for judicial review of MSPB action are filed in the Court of Appeals for the Federal Circuit and are reviewed on the administrative record. 5 U.S.C. §§ 7703(b)(1), 7701(c)(1–(3) (sic). Where a claim of discrimination is coupled with a nondiscrimination claim, however, the entire "mixed case" is filed in the district court. *Id.* § 7703(b)(2) (remaining citations omitted). On the discrimination claim, the petitioner "shall have the right to have the facts subject to trial de novo by the reviewing court." 5 U.S.C. § 7703(c). The nondiscrimination claim in a mixed case is, however, reviewed on the administrative record under § 7703(c)(1)–(3). *Hayes v. United States Government Printing Office,* 684 F.2d 137, 141 (D.C.Cir.1982) (other citations omitted).

Therefore, this court will review the actions of the MSPB on the non-discriminatory portion of plaintiff's claim and will deny summary judgment if there is a genuine issue of material fact as to whether the

Board's actions, findings, or conclusions are—

"(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence...." 5 U.S.C. § 7703(c)(1)–(3).

B. Motion for Summary Judgment on the MSPB Decision

1. Is the MSPB decision supported by substantial evidence as required by 5 U.S.C. § 7703(c)(3)?

■ Plaintiff contends that the Administrative Judge failed to weigh properly the evidence presented to her at the administrative hearing. After a review of the transcript from the administrative hearing, this court finds that adequate evidence existed for the Administrative Judge reasonably to find that plaintiff behaved in an unprofessional manner. The transcript reflects ample evidence that plaintiff shouted in an unprofessional manner at one of the employees he was supervising, and that plaintiff threw an unprofessional "temper tantrum" when he was questioned about some missing mail. [See pp. 12, 19, and 24 of the transcript of the administrative hearing.] Although there is testimony from the plaintiff that he did not behave in an unprofessional manner (See pp. 58–65 of the transcript of the administrative hearing), there is substantial evidence to support the findings of the Administrative Judge to the contrary. See *Boylan v. United States Postal Service*, 704 F.2d 573, 575 (11th Cir.1983), which explains that under the 5 U.S.C. § 7703(c) standard of review, "a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (Citing *Brewer v. United States Postal Service*, 647 F.2d 1093, 1096, 227 Ct.Cl. 276 (1981), cert. denied, 454 U.S. 1144, 102 S.Ct. 1005,

71 L.Ed.2d 296 (1982), and cases cited therein.)

2. Were proper procedures followed at the administrative hearing?

■ The second criterion for review of a decision of an agency such as the MSPB is whether proper procedures were followed by the agency. 5 U.S.C. § 7703(c)(2). As the court in *Jones v. Farm Credit Admin.*, 702 F.2d 160 (8th Cir.1983) stated, rational decisions on employment changes of federal employees are to be upheld "if applicable procedures were followed and substantial evidence supports the MSPB's determination." *Id.* at 162. Plaintiff contends that he was denied due process of law in that he was not given adequate time to prepare for the hearing before the Administrative Judge.[1] Plaintiff alleges that the Postal Service prevented him from adequately preparing for the hearing by sending him to Oklahoma for technical training in the period preceding the hearing. As the Administrative Judge explained on page 83 of the transcript of the hearing, no motion for continuance was made on behalf of Mr. Tilley. The procedure for making such a motion was in place, yet plaintiff did not take advantage of it. See p. 191 of Vol. I of the MSPB materials.

The statute, 5 C.F.R. § 1201.55(a), provides for the filing of motions for extension of time and postponement of a hearing. Section 1201.55(c) states that motions for extension of time will be granted only for good cause shown. The procedures for plaintiff to receive more time to prepare for the hearing do exist, however, it appears that plaintiff failed to exercise them. Therefore, plaintiff has not been denied Due Process.

3. Should the MSPB have considered evidence of disciplinary actions taken against the plaintiff from 1979–1981?

■ Section 1201.62(a) states that evidence is to be excluded from an MSPB hearing if it is "irrelevant, immaterial or unduly repetitious." However, the objection raised to the introduction of evidence

---

[1] Although in his complaint the plaintiff refers to the Fourteenth Amendment, which only encompasses state action, this court will assume

plaintiff intended to discuss the applicable due process provisions of the Fifth Amendment.

of past disciplinary actions taken against the plaintiff was that introduction would violate an alleged collective bargaining agreement under which plaintiff was employed to which reference is made in plaintiff's memorandum in opposition to the present motion. As defendant points out, no evidence of this agreement or of its application to the plaintiff was provided to the Administrative Judge. Significantly, at the time of the hearing, plaintiff was covered by no collective bargaining agreement. He was a supervisor and the Postal Reorganization Act specifically forbids inclusion of supervisors into any bargaining unit. See 39 U.S.C. § 1202(1). Whatever protection plaintiff might have had under the alleged collective bargaining agreement, he lost when he became a supervisor.

Finally, there is no showing that the outcome of the proceeding would have been different had the evidence not been considered, since evidence of plaintiff's more recent disciplinary problems could be admitted even under the terms of the alleged collective bargaining agreement. Thus, even if the admission of this evidence were considered error, it would not be "harmful error" under 5 C.F.R. § 1201.56(c)(3), which requires that the error "would have been likely to cause the agency to reach a conclusion different than the one reached."

4. Was plaintiff denied adequate representation at the hearing?

█ Plaintiff selected Mr. Goodman as his union representative to act on his behalf in the hearing process in this case. Plaintiff, therefore, is bound by the actions of the representative, both favorable and unfavorable. *Massingale v. Merit Systems Protection Bd.*, 736 F.2d 1521, 1523 (Fed. Cir.1984); *Whitaker v. Merit Systems Protection Bd.*, 784 F.2d 1109, 1110 (Fed.Cir. 1986). No procedures were violated due to the representation received by plaintiff.

5. Was plaintiff denied due process as a result of Mr. George not being present to testify?

Apparently, Mr. George was not present to testify due to an oversight on the part of plaintiff's union representative. Again, plaintiff is bound by the actions and omissions of his chosen union representative. *Whitaker*, 784 F.2d at 1110. No procedural error was committed by the Administrative Judge in failing to demand Mr. George's presence where the person had not been listed by plaintiff as a witness.

Taking the foregoing into account, it appears that no procedural deficiencies existed in the MSPB hearing adequate to overturn the Administrative Judge's decision.

6. Is the decision of the Administrative Judge arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law?

█ The final criterion for review of a nondiscrimination decision of the MSPB is whether the agency's findings are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c)(1). As defendant points out in brief, the reviewing court is to defer to the sanction decision made by the MSPB, unless the penalty is so harsh or disproportionate to the offense as to be an abuse of discretion. *McClaskey v. United States Dept. of Energy*, 720 F.2d 583 (9th Cir. 1983). In *McClaskey*, the court discussed some factors that can be considered in determining the appropriate sanction for an employee for a particular offense. The *McClaskey* court explains that these factors encompass such things as the nature of the offense, the employee's past disciplinary record, his past work record, the effect of the offense on the employee's ability to perform his duties, and the effectiveness of alternative sanctions. *McClaskey*, 720 F.2d at 588. A review of the transcript of the case at bar shows that the Administrative Judge did not abuse her discretion in upholding the demotion of plaintiff, that she was aware of the factors discussed in *McClaskey*, and that she took them into account. Therefore, her decision should not be overturned under 5 U.S.C. § 7703(c)(1).

Therefore, this court finds no genuine issues of material fact justifying the reversal of the decision of the Administrative Judge. Accordingly, defendant's motion for summary judgment on the appeal of the

nondiscrimination portion of the MSPB decision is hereby GRANTED.

### C. The Consideration of the Verbal Altercation Between Plaintiff and Arden Simoneaux

Plaintiff as set forth in paragraphs 12 and 13 of the complaint is apparently attempting to obtain judicial review of an incident which occurred prior to the incident which was the subject of the hearing and for which plaintiff received disciplinary actions which incident involved Arden Simoneaux.

Defendant contends that this court has no subject matter jurisdiction to review a situation in which plaintiff reported certain actions of Mr. Simoneaux to the Postal Service authorities as violations of the United States Postal Regulations. Mr. Simoneaux had apparently told plaintiff to run mail on a machine that plaintiff felt was inefficient, and plaintiff evidently told Mr. Simoneaux that plaintiff felt this was a violation of U.S. Postal regulations. On January 8, 1988, corrective action based on this incident was proposed, but a settlement was reached on February 9, 1988, and the proposed demotion of plaintiff was reduced to a final letter of warning. The incident with Mr. Simoneaux was used to show past disciplinary action taken against the plaintiff. Past disciplinary actions taken against the plaintiff are properly reviewable by the MSPB. See *McClaskey*, 720 F.2d at 588. The Simoneaux incident itself is not being reviewed, it is simply being used to help determine the appropriateness of the sanction presently imposed. There has been no administrative review of that action because plaintiff consented to it and there will be no judicial review of the matter.

### D. Plaintiff's Claims Based on 42 U.S.C. § 1981

█ In Paragraph 7 of plaintiff's complaint, he alleges causes of action under Title VII and 42 U.S.C. § 1981. As the Supreme Court held in *Brown v. General Services Administration*, 425 U.S. 820, 828–829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976), Title VII is "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination." The Fifth Circuit has interpreted this to mean that a suit for employment discrimination cannot be brought against the Postal Service under 42 U.S.C. § 1981, et seq. *Newbold v. United States Postal Service*, 614 F.2d 46, 47 (5th Cir. 1980).

Accordingly, plaintiff's claims under 42 U.S.C. § 1981 are dismissed for failure to state a claim on which relief can be granted.

### E. Plaintiff's Claims for Damages for Emotional Distress, Humiliation, and Mental Anguish

█ In his prayer, plaintiff asks the court for damages for emotional distress, mental anguish, and humiliation, in addition to reinstatement, back pay, and other damages. Defendant contends that the requested damages for mental anguish, humiliation and emotional distress are compensatory damages not recoverable under Title VII. 42 U.S.C. § 2000e–5(g) provides that a plaintiff who is successful under Title VII may recover equitable relief, such as an injunction against the unlawful employment practice, or affirmative action including, but not limited to, reinstatement with or without back pay. In *Bennett v. Corroon & Black Corp.*, 845 F.2d 104, 106 (5th Cir.1988), the court specifically found that mental anguish damages are not recoverable under Title VII, since they are not "equitable" relief.

Therefore, plaintiff fails to state a claim on which relief can be granted for mental anguish, humiliation, and emotional distress. Accordingly, defendant's motion to dismiss for failure to state a claim on the issue of these types of damages is hereby GRANTED.

That which remains in this action is strictly a Title VII claim which will proceed just as any other Title claim.