**Wilder D. SMITH, Jr., Plaintiff,**

v.

**Roger D. JOHNSON, Administrator, General Services Administration, Defendant.**

**No. LR–C–93–790.**

United States District Court, E.D. Arkansas, Western Division.

Feb. 28, 1997.

---

Harry S. Hurst, Jr., Wright, Lindsey & Jennings, Little Rock, AR, for plaintiff.

Richard M. Pence, Jr., U.S. Attorney's Office, Eastern District of Arkansas, Little Rock, AR, for defendant.

## ORDER

STEPHEN M. REASONER, Chief Judge.

## I. INTRODUCTION

This matter came on for trial before the Court on December 2, 1996. Defendant had previously filed a Motion for Summary Judgment (Doc. Num. 46), which the Court withheld ruling on until such time as the evidence was presented at trial. At the conclusion of plaintiff's case, the Court dismissed plaintiff's employment discrimination claim against the defendant because the evidence failed to establish a prima facie case. The Court then proceeded to hear evidence on plaintiff's non-discrimination claim against the defendant. At the conclusion of trial, the Court requested that the parties submit post-trial briefs. Because the Court has already conducted a lengthy hearing on this matter, it denies as moot the pending Motion for Summary Judgment. This Order will serve as the Court's Findings of Fact and Conclusions of Law in this matter. From the testimony and evidence presented at trial, as well as the post-trial briefs, the Court finds that Judgment should be entered in favor of the defendant.

## II. FACTUAL FINDINGS

Plaintiff, Wilder D. Smith, Jr., was employed by the General Services Administration (GSA) as a Custodial Worker Foreman, WS–2, from June 1987 to May 1991. His position was abolished and his employment was terminated as the result of a reduction-in-force (RIF). Plaintiff was issued a RIF notice dated March 13, 1991, and was separated from employment effective May 18, 1991.

Plaintiff appealed his separation to the Merit Systems Protection Board (MSPB), Dallas Regional Office, alleging that GSA had not followed RIF procedures and that his separation was based, in part, on racial discrimination. Plaintiff is an African–Amer-

ican male. A hearing was held before the MSPB at Little Rock, Arkansas on July 18, 1991. Plaintiff was represented by his attorney at that time, Zimmery Crutcher. The MSPB issued its Initial Decision on July 26, 1991, affirming the agency action. The MSPB held that the plaintiff was properly separated pursuant to RIF procedures and that he had not shown racial discrimination on the part of the agency.

Plaintiff filed a petition for review with the MSPB in Washington, D.C. By Order dated December 18, 1992, the MSPB denied plaintiff's petition for review of the MSPB Initial Decision. Plaintiff subsequently filed a claim with the EEOC for review of the agency's decision. By decision dated May 21, 1993, the EEOC concurred with the MSPB. On November 2, 1993, plaintiff filed the instant civil action seeking relief in the form of reinstatement of GSA employment and damages.

## III. STANDARD OF REVIEW

This lawsuit was originally brought as a "mixed case", i.e., a MSPB decision involving both non-discrimination and discrimination claims. The United States district courts have jurisdiction over such cases under 5 U.S.C. § 7703(b)(2). Because the Court previously granted judgment as a matter of law against plaintiff on his discrimination claim, it will only address the relevant standard of review as to plaintiff's non-discrimination claim. Judicial review of the non-discrimination claim is limited to a review of the administrative record under the standards set forth in 5 U.S.C. § 7703(c). Under that provision, the MSPB's decision must be upheld unless the Court finds one of the following: (1) That the MSPB's decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) That the MSPB's decision was obtained without procedures required by law, rule, or regulation having been followed; or (3) That the MSPB's decision is unsupported by substantial evidence. 5 U.S.C. § 7703(c).

## IV. ARGUMENTS

Plaintiff claims that his separation from GSA was in violation of GSA's reduction-in-force regulations. Specifically, plaintiff sets forth two grounds for reversal of the agency's termination decision. First, plaintiff claims that he should have been given the right to retreat to the position of Custodial Inspector pursuant to 5 C.F.R. § 351.701(c) (1991). Second, plaintiff claims that he was discharged in violation of agency policy. More precisely, plaintiff claims to have been separated from GSA in violation of the "Edgar Amendment."

## V. ANALYSIS

As set forth above, the Court's task is narrowly confined regarding plaintiff's non-discrimination claim. In determining the propriety of the MSPB's decision, the Court does not re-weigh the evidence or substitute its own judgment for that of the MSPB. *Jones v. Farm Credit Admin.*, 702 F.2d 160, 162 (8th Cir.1983), *cert. denied*, 463 U.S. 1212, 103 S.Ct. 3549, 77 L.Ed.2d 1396 (1983). Rather, it simply reviews the agency's decision to verify that none of the grounds for reversal contained in Section 7703(c) exist. A certified copy of the administrative record, consisting of the MSPB and EEOC proceedings, was filed contemporaneously with defendant's Motion for Summary Judgment. The Court will separately address each argument for reversal of the agency decision.

### A. Right to Retreat

■ The regulation governing an employee's right to retreat when GSA implements a RIF is 5 C.F.R. § 351.701(c). At the time of plaintiff's termination, that regulation provided, in pertinent part:

A released employee shall ... retreat to a position that:

(1) Is held by another employee with lower retention standing in the same tenure group and subgroup; and

(2) Is not more than three grades (or appropriate grade intervals or equivalent) below the position from which the employee was released, except that for a preference eligible employee with a compensable service-connected disability of 30 percent or more the limit is five grades (or appropriate grade intervals or equivalent); and

(3) Is the same position, or an essentially identical one, previously held by the released employee in a Federal agency.

5 C.F.R. § 351.701(c) (1991). The parties agree, and the Court therefore finds, that plaintiff satisfied subsections (1) and (2) of 5 C.F.R. § 351.701(c). In addition, plaintiff argues that he satisfied subsection (3), which would have enabled him to retreat to the position of Custodial Inspector. Defendant disagrees and contends that the position of Custodial Inspector was not "the same position, or an essentially identical one, previously held" by the plaintiff because the plaintiff was employed by GSA as a Custodial Worker Foreman, not as a Custodial Inspector. The Court finds that plaintiff never officially held the position of Custodial Inspector.

Plaintiff contends that, although he officially held the title of Custodial Worker Foreman during his entire tenure with GSA, he performed the duties of the lower grade position of Custodial Inspector on two different occasions. Specifically, plaintiff claims to have performed his own job responsibilities as well as those of Custodial Inspector for a period of six months in 1987 when the Inspector position was vacant. Additionally, he argues that he performed those duties for another six-month interval when the incumbent Custodial Inspector, Jimmie Tillman, was on military leave.[1] Plaintiff argues that because he performed the duties of Custodial Inspector, he occupied the position for RIF purposes and was entitled to retreat to the position of Custodial Inspector and displace the incumbent.

The regulation in force at the time of plaintiff's separation from GSA provided that the released employee may retreat to a position held by another employee with lower retention standing in the same tenure group and subgroup provided that the position "is the same position, or an essentially identical one previously held by the released employee in a Federal agency." 5 C.F.R. § 351.701(c) (1991). The regulation was amended effective August 25, 1995 to provide that the right to retreat to a position is limited to a position that "is the same position, or an essentially

identical position, held by the released employee *on a permanent basis* in a Federal agency." 5 C.F.R. § 351.701(c)(3) (1996) (italics used to emphasize amendment). The Court finds that the MSPB's decision is consistent with the regulation as it existed in 1991 and as amended in 1995 and that the decision is supported by the evidence contained in the record.

The MSPB concluded that performance of the duties of the Custodial Inspector position, which was under Smith's supervision, "does not equate to a formal appointment or assignment to the position of Custodial Inspector. It is the official position to which the employee is assigned which determines his RIF rights." *See* MSPB Initial Decision, pp. 3–4. The EEOC came to the same conclusion. The EEOC held that the MSPB had correctly determined that RIF regulations *offer retreat rights only to positions which the released employee previously held.*

The Court finds that the MSPB's decision holding that plaintiff had no right to retreat to the Custodial Inspector position is not arbitrary or capricious; does not disregard required procedures or regulations; and is supported by substantial evidence. The MSPB determined that plaintiff could not displace the incumbent Custodial Inspector because he had never "officially" held that title, even though he was, for all intents and purposes, the Custodial Inspector in the Little Rock competitive area for nearly one year. The MSPB relied upon the plain meaning of 5 C.F.R. § 351.701(c) (1991). While it is true that the district courts should not "rubber-stamp" administrative decisions, great deference should be accorded an administrative agency's interpretation of its own regulations. *Moore v. Custis*, 736 F.2d 1260, 1262 (8th Cir.1984).

Under the arbitrary and capricious standard of review, the administrative action can be regarded as such only where there is no rational basis for the action. *Id. See also, Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984)

---

1. However, there was nothing in Smith's personnel file in Fort Worth to indicate that he actually performed the job function of Custodial Inspector.

(holding that a court may not substitute its own construction of a statutory provision for an agency's reasonable interpretation). An examination of the agency decision reveals that the MSPB resolved the question in a rational manner. Although the language of the regulation is susceptible to differing interpretations, the MSPB decision is not contrary to the plain language of the regulation. *Lile v. University of Iowa Hospitals and Clinics,* 886 F.2d 157, 160 (8th Cir.1989). Therefore, that decision must be affirmed by this Court.[2]

### B. Edgar Amendment Violation

Plaintiff also contends that he was terminated from GSA in violation of the "Edgar Amendment." The Edgar Amendment, which is named after its sponsor, Representative Bob Edgar of Pennsylvania, restricts GSA's ability to contract out for custodial services in certain circumstances. Plaintiff has supplied the Court with memoranda from various GSA officials which purport to contain the agency's interpretation of the Edgar Amendment. *See* Plaintiff's Exhibit 12. The Edgar Amendment is codified at 40 U.S.C. § 490c. At the time of plaintiff's termination, that statute provided:

> None of the funds made available to the General Services Administration pursuant to section 210(f) of the Federal Property and Administration Services Act of 1949 [40 U.S.C. § 490(b) ] shall be obligated or expended after the date of enactment of this Act [enacted Oct. 28, 1991] for the procurement by contract of any service which, before such date, was performed by individuals in their capacity as employees of the General Services Administration in any position as guards, elevator operators, messengers, and custodians, except that such funds may be obligated or expended for their procurement by contract of the covered services with sheltered workshops employing the severely handicapped under

Public Law 92–28 [41 U.S.C.S. § 46 et seq.].

In 1995, the statute was amended to state that:

> None of the [specified funds] shall be obligated or expended after the date of enactment of this Act [enacted Nov. 19, 1995] for the procurement by contract of any guard, elevator operator, messenger or custodial services if any permanent veterans preference employee of the General Services Administration at said date, would be terminated as a result of the procurement of such services, except that such funds may be obligated or expended for the procurement by contract of the covered services with sheltered workshops employing the severely handicapped under Public Law 92–28 [41 U.S.C.S. § 46 et seq.]. Only if such workshops decline to contract for the provision of the covered services may the General Services Administration procure the services by competitive contract for a period not to exceed 5 years. At such time as such competitive contract expires or is terminated for any reason, the General Services Administration shall again offer to contract for the services from a sheltered workshop prior to offering such services for competitive procurement.

40 U.S.C. § 490c (Supp.1996).

■ Most notably, plaintiff relies on a memorandum authored by William Sullivan, Commissioner of Public Building Service (PBS) regarding "Edgar Restrictions on the PBS Delegations Program." This memorandum is dated December 11, 1986 and states that GSA may not contract out for work currently performed by preference eligible veterans unless such veterans are placed in other federal jobs and the work is contracted out to the National Institute for the Severely Handicapped (NISH). The parties do not

---

2. Additionally, the MSPB concluded that the agency action should be affirmed regarding whether the plaintiff's position of Custodial Worker Foreman was "essentially identical" to that of Custodial Inspector. The Court finds that plaintiff's position of Custodial Worker Foreman was not essentially identical to the position of Custodial Inspector. The record in this case is replete with evidence regarding the distinctions between these two positions. The position of Foreman involved supervision of custodial workers employed by GSA in more of a human resources/administrative capacity, while the position of Inspector involved the physical inspection of federal buildings to evaluate the quality of the custodial workers' cleaning efforts.

dispute that the plaintiff is a veteran, having previously served a combat tour of duty in the United States Army in Vietnam in 1968–1969.[3] The issue then becomes whether GSA violated the Edgar Amendment by failing to provide plaintiff with another federal job. The Court finds, however, that plaintiff is foreclosed from arguing this point due to his failure to raise it during the agency proceedings.

While the Court might be required to remand this action to the agency for determination had plaintiff pursued this argument at the agency level, the Edgar Amendment argument does not appear to have been raised in any meaningful fashion before the MSPB. *See* Memorandum of Conference and Rulings, July 5, 1991, ¶ 3. The failure to raise the Edgar Amendment in any meaningful fashion before the agency is grounds for upholding the MSPB decision. *See, e.g., Arp v. Railroad Retirement Bd.,* 850 F.2d 466, 467 (8th Cir.1988) (stating that it is impossible for the courts to evaluate the merits of an argument when the issue was not raised in agency proceedings); *Wallace v. Department of the Air Force,* 879 F.2d 829, 832 (Fed.Cir.1989) (holding that ordinarily appellate courts refuse to consider issues not raised before administrative agency, and a corollary is that issue must be raised with sufficient specificity and clarity that the tribunal is aware that it must decide the issue, and in sufficient time that the agency can do so).

The introduction of the GSA memoranda during trial caused quite a bit of confusion on the part of both counsel and the Court. Obviously, the statute in effect at the time of plaintiff's termination did not even mention veteran's preference employees. However, the agency appeared to be interpreting it as prohibiting the displacement of GSA-employed veterans in certain specified occupations. The confusion engendered by plaintiff's Exhibit 12 is the very reason that the courts should not consider arguments which were not presented to the agency. It is impossible for the Court to determine the effect and validity of these memoranda. The

agency is the appropriate forum in which to develop a record from which the Court can conduct its narrow review. Having failed to raise this argument to the appropriate agency, the plaintiff cannot now attempt to argue this point.

## VI. CONCLUSION

For the reasons herein stated, the Court finds that the MSPB decision must be affirmed. The agency's determination that plaintiff was not entitled to retreat to the position of Custodial Inspector was reasonable and is entitled to deference. Further, having failed to raise the Edgar Amendment before the agency, plaintiff is now estopped from doing so. By separate Judgment, plaintiff's Complaint will be dismissed.

---

**3.** Having previously served in the United States Armed Forces, plaintiff was entitled to Veteran's preference status for purposes of RIF. *See* 5

C.F.R. § 351.501(a). Plaintiff was considered "A–1" due, in part, to his tenure and preference as a veteran.