**William D. JONES, Petitioner,**

v.

**FARM CREDIT ADMINISTRATION, Respondent.**

No. 02–3109.

United States Court of Appeals, Federal Circuit.

Oct. 25, 2002.

Rehearing Denied Dec. 16, 2002.

Before PAULINE NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.

PER CURIAM.

William D. Jones petitions for judicial review of the decision of the Merit Systems Protection Board, *Jones v. Farm Credit Admin.,* Docket No. DE3443000501–I–1 (Nov. 2, 2001), dismissing his appeal on the ground of *res judicata.* The dismissal is *affirmed.*

## DISCUSSION

The agency removed Mr. Jones from his position as a Farm Credit Examiner on August 31, 1979. Mr. Jones appealed this removal to the Board and then to the United States Court of Appeals for the Eighth Circuit. The court upheld the removal. *Jones v. Farm Credit Admin.,* 702 F.2d 160 (8th Cir.1983). On September 18, 2000, Mr. Jones asked the Board to reopen his appeal, based on new documents that he obtained through the Freedom of Information Act. The Board declined to reopen the case, and this appeal followed.

The application of the doctrine of *res judicata* is a matter of law, to which we give *de novo* review. *United Technologies Corp. v. Chromalloy Gas Turbine Corp.,* 189 F.3d 1338, 1342–43, 51 USPQ2d 1838, 1840–41 (Fed.Cir.1999). A fully litigated and previously decided action is final, and not subject to relitigation or reopening absent extraordinary circumstances that might warrant remedial action in the interest of justice.

Mr. Jones states that he has obtained documents that he should have been given during discovery at the time of his removal. The agency responds that he had full access to his personnel files at the appropriate times. However, even on Mr. Jones' representation that these newly obtained documents were not in the files he received for review, he does not show that their content might reasonably have changed the result before the Board or the Eighth Circuit. Mr. Jones states that it suffices that documents were not provided, for whatever reason and to whatever effect, and that his constitutional rights of due process were violated. However, Mr. Jones received the full process of hearing before the MSPB and appeal to the Eighth Circuit in accordance with the statute as it then existed. We have not been shown

any reasonable interpretation of the newly obtained documents that could meet the criteria for reopening a final judgment. The Board's decision of dismissal on the ground of *res judicata* is affirmed.

No costs.