Sher J. RANA, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee,

and

Casper W. Weinberger, Secretary,
Department of Defense,
Defendant-Appellee.

No. 86–1072.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 10, 1986.

Decided March 3, 1987.

William S. Aramony, Irving Kator, Kator, Scott & Heller, Washington, D.C., on brief, for plaintiff-appellant.

Major Kevin William Bond, Office of the Judge Advocate Gen., Dept. of the Army, Washington, D.C. (Henry E. Hudson, U.S. Atty., Dennis E. Szybala, Asst. U.S. Atty., Alexandria, Va., on brief), for defendants-appellees.

Before WIDENER and ERVIN, Circuit Judges, and HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.

ERVIN, Circuit Judge:

Sher J. Rana claims that he was discriminated against on account of age and national origin when he was dismissed from his job at the Department of Defense in 1982. He appealed his removal to the Merit Systems Protection Board (MSPB), which found for the government. Rana then filed a complaint in the United States District Court for the Eastern District of Virginia under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16 (1982), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a (1982), and the fifth amendment to the United States Constitution.[1]

---

1.   The jurisdictional basis for review of decisions of the MSPB is set out at 5 U.S.C. §§ 7702, 7703(b)(2) (1982).  Those sections alter the nor-
mal appeal from the MSPB to the United States Court of Appeals for the Federal Circuit in cases, such as this one, raising issues of discrim-

The case was tried before the district court judge. At the end of the trial, the judge ruled from the bench. He found no discrimination on the basis of age or national origin, concluding that Rana was dismissed for unsatisfactory job performance. He found that the due process claim was untimely, but that, in any event, Rana received due process.

Rana contends on appeal that the evidence of poor job performance adduced at trial differed from the nineteen instances of unsatisfactory work that were listed in his Notice of Proposed Removal. According to Rana, this alleged variance made the government's case a "moving target" which the district court should have limited to the specific instances charged in the Notice. Further, Rana insists that he received no meaningful opportunity to reply to this Notice of Proposed Removal, raising issues of procedural due process. Finally, Rana claims that the district judge erroneously considered the record before the MSPB while conducting his de novo trial on the discrimination charge.

The record does not support Rana's first two arguments, and the third is incorrect as a matter of law. We affirm the decision below in all respects.

The Notice of Proposed Removal and Notice of Removal issued to Rana set out specific, substantial grounds for removing him from his position as a senior economist. Rana was given time to improve his performance. Although the district court found that Rana established a prima facie case of discrimination, *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), the government presented a legitimate, nondiscriminatory reason for the dismissal. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 254–55, 101

S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Rana then failed to carry the ultimate burden of persuading the factfinder that the reasons given by the government for his removal were pretextual. Rana urges this court to set aside the factfinder's conclusions because of testimony in the trial that his work was "vague" and "imprecise," adjectives that are not found literally in the removal notices.

■ The Notice of Proposed Removal, however, gave ample warning to Rana that charges such as "vagueness" and "imprecision" might be leveled at him. It contained specific instances of unacceptable performance as well as general conclusions that his effort was perceived to be below the standard for a high-level economist. The nineteen specific instances of unacceptable performance included several occasions on which Rana apparently did "sloppy" and "imprecise" work. The actual testimony concerning "vagueness" and "imprecision" was a summation of his employer's overall evaluation. Rana cannot fairly claim that the government's case presented a "moving target," nor does he convince this court that the district court's finding of "no pretext" was clearly erroneous.

The procedural due process claim rests on the argument that Rana received no "meaningful" opportunity to respond to the removal notices. Rana also asserts that there were procedural irregularities in carrying out his removal. Rana did not raise these arguments before the MSPB, and the government urges this court to rule that Rana has therefore waived the right to assert his fifth amendment claims.

■ We will not bar the assertion of constitutional claims in all cases in which they are not first raised before an administrative tribunal involved in the case.[2]

---

ination. Proper charges of discrimination entitle a plaintiff to a de novo trial in district court on the discrimination issues; the nondiscrimination claims receive a record review.

2. The rule on administrative waiver of claims later raised before the courts is a flexible one, *see* K. Davis, *Administrative Law Text* § 20.06, at 391 (1972), and properly so. Many administrative claimants, including those before the

MSPB, lack legal assistance. *See Developments in the Law—Public Employment,* 97 Harv.L.Rev. 1611, 1637 n. 55 (1984) ("Approximately 25% of those who appealed to the Board in fiscal year 1980 ... were represented by private attorneys; an additional 27% were represented by their unions.") It would be unduly harsh to limit *pro se* litigants to arguments raised at the administrative level as an unbending matter of law. In this case, however, Rana was apparently repre-

Here, however, Rana is essentially arguing that the Department of Defense failed to follow its own rules in dismissing him. That argument calls for precisely the sort of inquiry to which the MSPB is accustomed. When an argument concerns procedural rights within the purview of agency expertise, and a plaintiff fails to raise the argument before the agency, courts will entertain the argument on appeal only if it is "jurisdictional" or if there are compelling reasons for its novelty. *See Andrade v. Lauer*, 729 F.2d 1475, 1486–87 (D.C.Cir.1984); *cf. Bush v. Lucas*, 462 U.S. 367, 386, 103 S.Ct. 2404, 2415, 76 L.Ed.2d 648 (1983) (constitutional challenges to civil service dismissals are cognizable within the statutory scheme); *United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952) (failure to raise objections to administrative proceedings while before the agency can bar judicial review of those objections).

■ Even were waiver not a bar to Rana's arguments, he would have failed to demonstrate reversible error concerning procedural due process. The district court found that, while Rana had a protected property interest in his job, he received the only process to which he was due: a notice of proposed removal, a chance to respond, and post-termination hearing. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). The "meaningfulness" of his chance to respond is a matter for the finder of fact. In this case there is no reason to believe that Rana's chance "to present his side of the story," *id.*, was constitutionally defective.

■ Rana's final argument challenges the district court's reviewing of the administrative record at the same time that the court conducted a de novo trial of the discrimination claims. Rana suggests that the statutory right to a new trial is inconsistent with the perusal of the record from the MSPB. He is asking for relief from a statutorily-prescribed procedure, *see* 5 U.S.C. § 7703(c) (1982), that raises no constitutional problems. *Cf. Chandler v.*

sented by counsel before the MSPB, although he

*Roudebush*, 425 U.S. 840, 863 n. 39, 96 S.Ct. 1949, 1961 n. 39, 48 L.Ed.2d 416 (1976) (noting that prior administrative findings on an employment discrimination claim are admissible as evidence in a later trial de novo). To this argument we reply with Justice Hughes: "Judicial nullification of statutes, admittedly valid and applicable, has, happily, no place in our system." *Sorrells v. United States*, 287 U.S. 435, 450, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1932). The judge below was entitled to review all evidence in the trial de novo, both that newly introduced and that created by the formal record before the MSPB.

AFFIRMED.

filed his district court complaint *pro se.*