**Elsie HODGSON, Plaintiff,**

v.

**DEPARTMENT OF the AIR FORCE, Defendant.**

**No. 85–B–1958.**

United States District Court,
D. Colorado.

Feb. 9, 1989.

John R. Olsen, John R. Olsen, PC, Boulder, Colo., for plaintiff.

Chalk Mitchell, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff, Elsie Hodgson, appeals the Merit Systems Protection Board's (MSPB) Opinion and Order dated May 11, 1984, 20 M.S.P.R. 541, denying her petition for review of her termination from her secretarial job at Lowry Air Force Base. Jurisdiction is invoked pursuant to 5 U.S.C. § 7703 and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (ADEA). The MSPB's Opinion and Order is affirmed in part, reversed in part, and remanded with directions.

The following material facts are undisputed and the parties have stipulated that this matter may be decided on the transcript of the MSPB hearing and the briefs submitted:

After 26 years of government service, plaintiff was terminated from her civilian secretarial position in the Accounting Division, Air Force Accounting and Finance Center, Department of the Air Force, Lowry Air Force Base, Denver, Colorado effective December 31, 1981.

The Department of the Air Force's (the agency) reasons for dismissing plaintiff were her unacceptable attendance record and her refusal to comply with a direct order to submit to a psychiatric fitness-for-duty examination.

Plaintiff appealed her dismissal to the MSPB's Denver Regional Office. On appeal, plaintiff claimed that the action taken against her was improper and she raised an affirmative defense of harassment pursuant to 5 U.S.C. § 2302(b)(10) and age discrimination pursuant to the ADEA. Specifically, plaintiff argued that the agency failed to follow its own procedures in removing her from her secretarial position and that plaintiff's absences from work were due to her supervisor's harassment of and discrimination against her.

In an initial decision dated May 20, 1982, the presiding official found that the agency had established its charges by a preponderance of the evidence. She further found that the plaintiff had not met her burden of proof on her claims of harmful procedural errors and age discrimination. Accordingly, the presiding official affirmed the agency's removal action.

Plaintiff petitioned the MSPB for review of the presiding official's decision. In an initial decision dated May 11, 1984, the MSPB denied plaintiff's petition for review.

Plaintiff then petitioned the United States Court of Appeals for the Federal Circuit for review of the MSPB's decision. By Order dated June 17, 1985, the Federal Circuit ordered that the case be transferred to this court.

On appeal, plaintiff claims that the MSPB's decision upholding her removal was improper for numerous reasons including: 1) errors in excluding evidence pertinent to plaintiff's affirmative defenses; 2) finding that plaintiff did not meet her burden of proof on the issue of age discrimination; 3) erroneous rulings of law regarding the agency's termination procedures, procedures for ordering psychiatric fitness-for-duty examinations, and plaintiff's termination for excessive use of leave without pay.

Judicial review of a MSPB's decision is narrow in scope. This court must affirm the MSPB's decision unless it is:

1. arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

2. obtained without procedures required by law, rule, or regulation having been followed; or

3. unsupported by substantial evidence.

5 U.S.C. § 7703(c).

Plaintiff asserts that she was not given the opportunity to present testimony which might have established her affirmative defenses of prohibited personnel practice and age discrimination. I agree.

 Allegations of discrimination constitute an affirmative defense which plaintiff must plead and prove. 5 C.F.R. 1201.-56(b)(2) (1981). In order to prove a prima facie case of age discrimination plaintiff must show that she was within a protected age group, that she was doing satisfactory work, that she was discharged despite the adequacy of her work performance, and that the position was filled by a younger person. *Schwager v. Sun Oil*, 591 F.2d 58, 61 (10th Cir.1979). It is not sufficient that the plaintiff's age was a factor that affected the agency's decision to discharge the plaintiff. Rather, age must have been a determining factor. *Perrell v. Financeamerica Corp.*, 726 F.2d 654 (10th Cir. 1984).

 However, pursuant to 5 U.S.C. §§ 2302 and 7701(c)(2), an employee may always present evidence of a prohibited personnel practice in defense of a personnel action, and actions based on prohibited personnel practices are to be reversed even where the agency has proved its case by a preponderance of the evidence.

 The presiding officer found that plaintiff did not present a prima facie case of discrimination and that the agency's action was taken for legitimate, non-discriminatory reasons. However, plaintiff's proffered testimony regarding her work performance and her supervisor's conduct were ruled irrelevant, and the hearing officer sought to "confine th[e] hearing to the

matters of excessive absence and refusal to submit to a psychiatric examination." The presiding officer did allow plaintiff to present limited testimony on her work performance for the purpose of determining the reasonableness of the penalty.

Plaintiff's defense was that she was absent due to stress caused by her supervisor's constant berating. Her offer of proof established that there was a personality conflict between she and her supervisor, and that the supervisor often bothered plaintiff regarding her performance of rather insignificant tasks. Plaintiff was entitled to present evidence regarding her affirmative defenses of prohibited personnel practice and age discrimination. It was arbitrary, capricious, and otherwise not in accordance with law to restrict plaintiff's presentation of evidence. The MSPB's decision was thus obtained without procedures required by law, rule, and regulation having been followed. Consequently, reversible error occurred when plaintiff was denied her substantive right to prove her affirmative defenses.

■ Plaintiff also argues that the agency did not follow the proper procedure for ordering a fitness-for-duty examination and that the agency improperly used the fitness-for-duty examination to harass her. The agency's error, if any, was not harmful.

5 C.F.R. § 1201.56(c)(3) (1982) defines "harmful error" as:

Error by the agency in the application of its procedures which, in the absence of cure of the error, might have caused the agency to reach a conclusion different than the one reached. The burden is upon the [plaintiff] to show that based upon the record as a whole the error was harmful, i.e. caused substantial harm or prejudice to his/her rights.

Furthermore, plaintiff has the additional burden of overcoming the presumption that an agency's interpretation of its own regulation is entitled to "great deference." *Udall v. Tallman,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Hoover & Bracken Energies, Inc. v. U.S. Dept. of Interior,* 723 F.2d 1488 (10th Cir.1983) *cert. denied*

469 U.S. 821, 105 S.Ct. 93, 83 L.Ed.2d 39 (1984). An agency's construction of a regulation need only be a reasonable one. *Id.*

The agency contends, and the MSPB affirmed, that it applied the proper procedure for ordering plaintiff's psychiatric fitness-for-duty examination based on its interpretation of the relevant regulations. Although plaintiff presented some evidence that the agency applied the wrong regulation, I find that plaintiff's evidence is insufficient to overcome the presumption that the agency's interpretation of its own regulation was correct.

Plaintiff's contention that the agency committed harmful error by not following its established procedure for ordering a psychiatric fitness-for-duty examination is without merit.

The record reflects that based on letters from plaintiff's physicians, plaintiff was granted extended sick leave and leave without pay. Both physicians' letters indicated that plaintiff could not continue working in her present position and that she should be transferred to another less stressful job, yet neither letter stated when or if plaintiff would be able to return to work. Therefore, the agency contends that it ordered plaintiff to submit to a fitness-for-duty examination to determine her job capabilities.

Plaintiff underwent the physical portion of the fitness-for-duty examination and the doctor found nothing physically wrong with her. Plaintiff contends that the doctor failed to inform her in writing that he diagnosed or suspected a medical condition requiring psychiatric examination and that the doctor told her that the psychiatric examination was merely procedural.

However, plaintiff's private physicians had diagnosed her as being unable to perform her present job due to stress. Thus, although the agency's physician did not inform plaintiff in writing that he suspected her of having a medical condition warranting a psychiatric examination, plaintiff had knowledge from her own physicians that her stress-related physical symptoms were causing her extended absences from work and any error in the agency's failure to tell her so was not harmful.

Finally, plaintiff contends that the agency abused its discretion in terminating her for her unacceptable attendance record and for refusing to comply with the order to submit to the psychiatric fitness-for-duty examination.

■ A district court will normally defer to the judgment of the agency as to the appropriate penalty for employee misconduct unless the severity appears totally unwarranted. *Hagmeyer v. Dept. of Treasury*, 757 F.2d 1281 (Fed.Cir.1985). 5 U.S. C. § 7513 states that an agency may dismiss an employee "only for such cause as will promote the efficiency of the service." This provision requires that the agency have a rational basis for discharging an employee. *See Henkle v. Campbell*, 626 F.2d 811 (10th Cir.1980).

■ A federal employee's failure to submit to a fitness-for-duty examination, when there is good reason for directing it, is insubordination and can justify removal or other disciplinary action. *See Risner v. Federal Aviation Administration*, 677 F.2d 36, 38 (8th Cir.1982). Also, excessive absence without leave can be the basis for an employee's dismissal. *See Bond v. Vance*, 327 F.2d 901 (D.C.Cir.1964).

Plaintiff does not deny that from April through November 1981, she used 144 hours of sick leave, 193 hours of annual leave, 647 hours of leave without pay, and 46.25 hours of absence without leave. However, because reversible error occurred when plaintiff was prohibited from presenting evidence to prove her affirmative defenses, plaintiff's dismissal must be set aside and the cause remanded for a new hearing.

Accordingly,

It is ORDERED that the MSPB's Opinion and Order denying plaintiff's petition for review of her dismissal is set aside and the cause is remanded to the MSPB with directions that it remand the cause to the presiding official for a new hearing not inconsistent with this Order.