Elsie **HODGSON**, Plaintiff,

v.

**DEPARTMENT OF THE AIR FORCE**, Defendant.

Civ. A. No. 85–K–1958.

United States District Court, D. Colorado.

Nov. 15, 1990.

Kevin E. Burr, Trish M. Nagel, Moye, Giles, O'Keefe, Vermeire & Gorrell, Denver, Colo., for plaintiff.

Chalk S. Mitchell, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This is an appeal from a final decision of the Merit Systems Protection Board (Board). The issue before me is whether the plaintiff, Elsie Hodgson, has the right to trial de novo on her claim of age discrimination and harassment by the Air Force, or whether she waived that right by stipulating that the matter would be heard solely on the administrative record. Hodgson argues that she has a statutory right to trial de novo. She acknowledges that she did stipulate to trial on the administrative record, but contends that the stipulation applied only to the initial appeal of her case and not to her appeal of the Board's ruling on remand.

### I. *Facts.*

In 1981, Elsie Hodgson was removed from her job as a secretary with the Air Force Accounting and Finance Center at the Lowry Air Force Base in Denver, Colorado. She appealed to the Board, which upheld her dismissal on the grounds of insubordination (due to her failure to submit to the psychological portion of a fitness exam) and excessive leave. After exhausting her administrative appeals, Hodgson filed this complaint in the Court of Appeals for the Federal Circuit, alleging a variety of procedural and substantive errors. The case was then transferred to this court. The parties stipulated to submission of the case based on the administrative record, without trial.

On February 9, 1989, Judge Babcock issued a memorandum opinion and order affirming in substantial part the Board's ruling, but reversing the Board on the issue of whether Hodgson had the opportunity to present evidence on her defenses that she was harassed by her supervisor and discriminated against because of her age. *See Hodgson v. Department of the Air Force,* 704 F.Supp. 1035 (D.Colo.1989). He remanded the case to the Board for a new hearing to permit Hodgson to present evidence on the harassment and age discrimination claims. *Id.* at 1038–39.

On July 24 and 26, 1989, the Board held the hearing on remand. Ms. Hodgson did not appear, citing ill health. Her attorney, John Olsen, was present and introduced substantial evidence on her behalf. In a detailed order entered on August 28, 1989, the administrative law judge ruled that Ms. Hodgson again had not established either defense to her removal.

On September 29, 1989, Hodgson amended her complaint in this court, and the Air Force answered. On February 14, 1990, the Air Force filed a motion to clarify whether the parties' earlier stipulation that the matter be decided on the administrative record also applied to the proceedings on appeal from remand. The Air Force additionally moved for summary judgment, arguing that the district court lacked jurisdiction over the matter because Hodgson had not established a prima facie case of age discrimination. Hodgson responded to the motion for clarification by arguing that she stipulated only to the trial of her case on the original administrative record and not the record generated on remand, requesting jury trial *de novo* in the district court.

In his order dated May 1, 1990, Judge Babcock denied the Air Force's motion for summary judgment, but granted the motion for clarification. He held that the

parties' earlier stipulation that the matter would be heard on the administrative record controlled the proceedings on appeal from remand. The parties were then ordered to brief the matter. On May 15, 1990, Hodgson moved for a rehearing on the motion for clarification. Judge Babcock granted the motion on June 1, 1990 "because of the consequences the Court's ruling has on plaintiff's due process rights and right to a jury trial...."[1]

On July 5, 1990, Hodgson's attorney was given leave to withdraw from the case. Hodgson requested and was provided court-appointed counsel on October 10, 1990. In the interim, acting pro se, Hodgson filed several affidavits in support of her motion for reconsideration of the motion for clarification. Hodgson's court-appointed attorney filed a motion for clarification of Judge Babcock's June 1 order granting the motion for reconsideration. The motion states:

> Plaintiff and court-appointed counsel are unsure of the effect of [Hodgson's pro se] filing of these affidavits and the subsequent appointment of counsel for Plaintiff as it relates to the Order with respect to "other evidence", whether Plaintiff will be allowed to prepare another affidavit with assistance of counsel and whether the Order entitles Plaintiff to a hearing on the issue currently before the court.

On October 15, I entered an order extending until November 9, 1990 the date for Hodgson's filing of a new affidavit and set the matter for hearing on November 15, 1990.

## II. *Merits of Motion for Clarification.*

The jurisdictional framework for hearings before and appeals from the Merit Systems Protection Board is established in 5 U.S.C. §§ 7701–03. Section 7701 governs appeals of agency personnel actions to the Board and appellate procedure before the Board. Section 7702 covers actions before the Board which include discrimination claims under enumerated anti-discrimination laws, including the Age Discrimination in Employment Act of 1967. *See id.* § 7702(a)(1)(B)(iv). It grants the Board jurisdiction to determine both the discrimination and non-discrimination elements of such "mixed" claims, *id.* § 7702(a)(1), and specifies when the Board's decisions in these cases become judicially reviewable. This section further provides: "Nothing in the section shall be construed to affect the right to trial de novo under any provision of law described in subsection (a)(1) of this section [listing anti-discrimination statutes] after a judicially reviewable action, including the decision of an agency under subsection (a)(2) of this section." *Id.* § 7702(e)(3).

Appeals from Board decisions are covered in section 7703. Depending on whether the case involves a discrimination claim, appeals of the Board's decisions under sections 7701 and 7702 are to the Court of Appeals for the Federal Circuit, or to a federal district court. Non-discrimination cases are appealed to the Federal Circuit, and cases that include a discrimination claim are appealed to the district court. In cases appealed to the Federal Circuit, the agency's action cannot be set aside unless "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed, or (3) unsupported by substantial evidence." *Id.* § 7703(c). The statute further provides, however, that in discrimination cases appealed to the district court, "the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court." *Id.*

The "trial de novo" language of §§ 7702(e)(3) and 7703(c) has been interpreted by several courts. The leading case

---

1. I do not think that Hodgson is entitled to a jury trial in this case. The statute governing appeals from decisions of the Board does not mention the right to jury trial, and instead speaks to "trial de novo by the reviewing court." 5 U.S.C. § 7703(c). I have found no case discussing or otherwise indicating a right to a jury trial under 5 U.S.C. § 7703. Since there is no express declaration by Congress that there is a right to trial by jury in this kind of action against the government and none can be inferred from the statutory scheme, I will not honor the jury demand.

on this issue is *Rana v. United States*, 812 F.2d 887 (4th Cir.1987). In *Rana*, the Fourth Circuit outlined the jurisdictional basis for review of Board decisions. The court noted that appeal of cases raising issues of discrimination "entitle[s] a plaintiff to de novo trial in district court on the discrimination issues; the nondiscrimination claims receive a record review." *Id.* at 888 n. 1; *see also Romain v. Shear*, 799 F.2d 1416 (9th Cir.1986), *cert. denied*, 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987); *Christo v. Merit Sys. Protection Bd.*, 667 F.2d 882, 885 (10th Cir.1981). It went on to reject the appellants' contention that, in conducting a de novo trial, the district court may not review the administrative record:

> To this argument we reply with Justice Hughes: "Judicial nullification of statutes, admittedly valid and applicable has, happily, no place in our system." *Sorrells v. United States*, 287 U.S. 435, 450, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1932). The judge below was entitled to review all evidence in the trial de novo, both that newly introduced and that created by the formal record before the MSPB.

*Id.* at 890. The reasoning behind the right to trial de novo in discrimination cases can be traced to Congress' policy of entrusting the "ultimate resolution of questions of discrimination to the federal judiciary." *Rosenfeld v. Department of the Army*, 769 F.2d 237, 239–42 (4th Cir.1982) (denying collateral estoppel effect of administrative findings on age discrimination claim).

■ Under the above cases, Hodgson is clearly entitled to a new trial in the district court on her age discrimination claim, although the court may also review the administrative record in reaching its decision. The Air Force contends, however, that Hodgson (through counsel) waived this right by stipulating that the case would be decided solely on the administrative record and that she should be bound by that stipulation. The stipulation at issue in this case was made on or before May 21, 1987. On that date, Judge Carrigan entered a minute order vacating trial because "counsel [had] notified the court that the case may be decided on the motions." The parties'

agreement to proceed on the administrative record was again reflected in Judge Babcock's February 9, 1989 order, in which he stated, "the parties have stipulated that this matter may be decided on the transcript of the MSPB hearing and the briefs submitted." Order at 1.

Hodgson argues that the stipulation, *vel non*, went only to Judge Babcock's initial review of her case which resulted in its remand to the Board. She contends that the stipulation does not control her appeal from the Board's adverse ruling on remand and that she is not bound by the administrative record generated in those proceedings, especially since she did not request or contemplate that the case would be remanded to the Board. In his May 1, 1989 order on the Air Force's motion for clarification of the stipulation, Judge Babcock responded to this argument:

> When the parties entered into the stipulation to have this matter decided upon the transcript of the MSPB proceedings and the briefs submitted they voluntarily waived their right to have this matter tried upon more extensive evidence. *See e.g.* Brief in Support of Judgment of Plaintiff, at 1–2, August 9, 1988. The MSPB proceedings on remand merely were an extension of the existing case, allowing Hodgson to supplement the initial transcript with additional evidence. The remand proceedings did not constitute a new action separate and distinct from the initial appeal filed in this court. Accordingly, I conclude that the stipulation remains effective and governs my scope of review of the MSPB's action.

Order at 2–3. On June 1, 1990, Judge Babcock agreed to reconsider this order. In October, the case was transferred to me before he had an opportunity to reconsider.

Stipulations are a form of contract and are interpreted according to normal contract principles. *See Neuman v. Blue Cross/Blue Shield (In re Neuman)*, 55 B.R. 702, 705 (S.D.N.Y.1985); 83 C.J.S. *Stipulations* § 11 (1953). "The primary rule in the construction of stipulations is that the court must, if possible, ascertain and give effect to the intent of the par-

ties." 83 C.J.S. *Stipulations* § 11 at 26–27. In determining the scope of a stipulation, the circumstances in existence at the time the stipulation was entered are relevant. *Washington Hosp. v. White*, 889 F.2d 1294, 1300 (3d Cir.1989); *National Audubon Soc'y, Inc. v. Watt*, 678 F.2d 299, 307 (D.C.Cir.1982). Furthermore, the district court has wide discretion in determining whether to hold a party to its stipulation. *Morrison v. Genuine Parts Co.*, 828 F.2d 708, 709 (11th Cir.1987), *cert. denied*, 484 U.S. 1065, 108 S.Ct. 1025, 98 L.Ed.2d 990 (1988).

This issue is complicated because the stipulation was not in writing, although its existence has been acknowledged by the court. Addressing the circumstances in existence at the time the stipulation was made, there is no evidence that either party contemplated the case would be remanded to the Board and a second administrative record would be generated. Nor was it clear there would be an appeal from the Board's decision on remand, if unfavorable to Hodgson. The only transcript in existence at that time was the original administrative record from the hearing on April 19 and 21, 1982. In addition, Hodgson's former attorney represented that, during the hearing on remand, the parties and the Board on several occasions acknowledged her right to trial de novo in district court on the age discrimination claim. *See* Motion for Reconsideration at 3–4. Hodgson has likewise submitted several affidavits indicating that this was always her understanding. The government has submitted no affidavits or other evidence to the contrary.

In light of the above, the most reasonable interpretation of the parties' stipulation in this case is that it was intended to govern the initial determination of Hodgson's appeal, and no more. It was unlikely that the parties intended their stipulation to cover any appeal from a decision on remand. However, even assuming that the stipulation in this case could be construed to cover Hodgson's appeal on remand I may set aside a stipulation to prevent "manifest injustice." *United States v. Montgomery*, 620 F.2d 753, 757 (10th Cir.),

*cert. denied*, 449 U.S. 882, 101 S.Ct. 232, 66 L.Ed.2d 106 (1980). Here, such injustice would result. As noted above, the statutory provisions covering the appeal of Board decisions make clear that discrimination claims are to be tried de novo in the district court. This reflects Congress' fundamental policy choice that discrimination claims receive judicial scrutiny, even if there has been a prior administrative adjudication. Hodgson's continuing complaint before the Board and this court has been that she has never received a fair hearing on her discrimination claim. Since she was unable to attend the hearing on remand due to illness, she has never actually testified personally as to her allegations. By interpreting the stipulation as covering only the initial proceedings, and not those on remand, or by setting aside the stipulation, Hodgson will finally have her day in court. Therefore, I order that this case be tried de novo without a jury.