999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Elsie HODGSON, Plaintiff-Appellant,
v.
UNITED STATES AIR FORCE, Defendant-Appellee.
 No. 92-1004.
 United States Court of Appeals, Tenth Circuit.
 July 1, 1993.
 
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Elsie Hodgson alleges age discrimination based on her removal from her civilian secretarial job at Lowry Air Force Base. The Air Force's stated reasons for the removal action were plaintiff's excessive absences and insubordination in failing to submit to a psychiatric fitness-for-duty examination. Plaintiff conceded that between April 1 and November 18, 1981, she used approximately 1030 hours of authorized and unauthorized leave and that she did not appear at the scheduled psychiatric examination. She claims that her absences were due to stress caused by her supervisor's harassment of and discrimination against her, and that the order to submit to a psychiatric examination was invalid due to defendant's failure to follow its own procedural regulation, AFR 40-716, entitled "Fitness-for-Duty Examinations and Resulting Personnel Actions."
 
 
 3
 Plaintiff appealed her removal to the Merit Systems Protection Board (MSPB), which found that defendant had justified plaintiff's removal by a preponderance of the evidence, see 5 U.S.C. § 7701(c)(1)(B), and that plaintiff had failed to show that defendant's failure to follow the provisions of AFR 40-716 constituted harmful error. See 5 U.S.C. § 7701(c)(2)(A).
 
 
 4
 Plaintiff then filed a complaint in the United States Court of Appeals for the Federal Circuit, which transferred the case to the United States District Court for the District of Colorado. Plaintiff asserted a violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a (1982), and petitioned for review of the MSPB decision under 5 U.S.C. § 7703. The Federal Circuit has exclusive jurisdiction over petitions for review of MSPB decisions in cases not involving a discrimination claim. Williams v. Rice, 983 F.2d 177, 180 (10th Cir.1993); 5 U.S.C. § 7703(b)(1). The federal district courts, however, have jurisdiction over petitions for review of decisions of the MSPB in "mixed" cases, i.e., those that involve both discrimination and other claims. Williams, 983 F.2d at 179; 5 U.S.C. § 7703(b)(2). The plaintiff is entitled to trial de novo by the district court on the discrimination claims, Williams, 983 F.2d at 179; 5 U.S.C. § 7703(c); the nondiscrimination claims, however, receive a record review. Williams, 983 F.2d at 179-80.
 
 
 5
 The district court upheld the MSPB's determination that defendant's failure to follow the procedures set out in AFR 40-716 was not harmful error, but remanded on other grounds. Hodgson v. Department of Air Force, 704 F.Supp. 1035, 1038-39 (D.Colo.1989). On remand, the MSPB again ruled in favor of defendant. Plaintiff reasserted her age discrimination claim and petitioned for review of the MSPB decision in the district court. The court found against her on the age discrimination claim and upheld the MSPB decision upon a review of the record.
 
 
 6
 Plaintiff contends on appeal that defendant's failure to follow the procedures set out in AFR 40-716 in directing her to submit to a psychiatric examination was harmful error. In addition, plaintiff contends the district court's findings of fact and conclusions of law on her age discrimination claim are inadequate for appellate review. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 I.
 
 7
 In mid-1981, while on leave without pay, plaintiff submitted letters from her doctors stating that she was suffering from stress and should be transferred to a different job. The letters did not state what treatment plaintiff was pursuing or when she would return to work. Id. Defendant directed plaintiff to submit to a fitness-for-duty physical examination to determine her ability to perform her job. The examining physician found nothing physically wrong with plaintiff and recommended an emotional evaluation by a psychiatrist. Although defendant neither notified plaintiff in writing of its order to submit to a psychiatric examination nor followed any other procedures set out in AFR 40-716, there is no dispute that plaintiff was aware of the appointment and, in fact, had the date changed to accommodate her schedule. Plaintiff did not submit to the psychiatric examination.
 
 
 8
 To prove harmful error, plaintiff must show that the regulation was not followed and that the error caused substantial harm to plaintiff's rights such that, but for the error, defendant might have reached a different result in its personnel action. See Mercer v. Department of Health & Human Servs., 772 F.2d 856, 859 (Fed.Cir.1985); 5 C.F.R. § 1201.56(c)(3) (1982).[1]
 
 
 9
 Plaintiff argues that defendant failed to get approval for its order from the Office of the Air Surgeon General, as required by Air Force regulations. AFR 40-716 paragraph 5, Appellant's App. at 93. Plaintiff contends that the Air Force physician lacked authority to order a psychiatric examination and plaintiff's insubordination was a direct result of the improper order. However, the record on appeal contains no evidence from either of the administrative hearings to lend support for the argument that defendant could not have gained proper approval, if sought. Thus, under proper procedures, the outcome would have been the same. Cf. Boddie v. Department of Navy, 827 F.2d 1578, 1580 (Fed.Cir.1987); Mercer, 772 F.2d at 859-60. Plaintiff's argument that, but for defendant's failure to follow its regulations, plaintiff's insubordination might not have arisen, is mere speculation.
 
 
 10
 Plaintiff also argues that defendant failed to notify her in writing that "competent medial [sic] authority considered a psychiatric evaluation necessary to determine the cause of her work deficiencies or behavior," Appellant's Opening Br. at 11, and failed to appoint a representative for her in conjunction with the psychiatric examination as required by AFR 40-716 paragraph 8. Plaintiff argues that if proper procedures were followed, she might have submitted to a psychiatric examination. However, plaintiff points to no evidence from either MSPB hearing to support her contentions. Her argument is, again, speculative. Although an agency's failure to inform an employee of his or her right to representation in a disciplinary proceeding may be harmful error, see Miguel v. Department of Army, 727 F.2d 1081, 1086 (Fed.Cir.1984) (agency's failure to notify employee of right to union representation in disciplinary action may have been harmful error), plaintiff did not argue this below. See Hodgson, 704 F.Supp. at 1038; Hodgson v. Department of Air Force, 20 M.S.P.B. 541, 544-45 (1984). We will not address an argument raised for the first time on appeal. Brown Mackie College v. Graham, 981 F.2d 1149, 1153 n. 7 (10th Cir.1992). Therefore, we affirm the district court on this issue.
 
 II.
 
 11
 Plaintiff next argues that the district court erred by not addressing her claims that her poor work performance and poor attendance were caused by an age-based campaign to remove her from employment. Relying on Caruso Enterprises, Inc. v. U.S.A. Motel Corp. (In re U.S.A. Motel Corp.), 450 F.2d 499, 503 (9th Cir.1971), plaintiff asserts that the district court's findings are conclusory and fail to supply a clear understanding of the basis for a decision.
 
 
 12
 After the three-day bench trial, the district court concluded that plaintiff had failed to make out a prima facie case of age discrimination; that defendant had shown legitimate, nondiscriminatory reasons for discharging plaintiff; and that plaintiff had failed to show that these reasons were a pretext for discrimination. The district court applied the correct legal standard, i.e., the three-part test set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which is applicable to age-discrimination claims. MacDonald v. Eastern Wyo. Mental Health Ctr., 941 F.2d 1115, 1119 (10th Cir.1991).
 
 
 13
 The district court concluded that plaintiff failed to establish a prima facie case because she had not shown either that she was treated differently than similarly situated employees or that she was performing satisfactory work. A plaintiff may make out a prima facie case of age discrimination "by her own testimony that her work was satisfactory, even when disputed by her employer," MacDonald, 941 F.2d at 1121, and we are inclined to agree that the district court may have impermissibly considered defendant's proffered reasons for discharge in evaluating plaintiff's evidence on the prima facie case. See id. at 1119-21.
 
 
 14
 Nevertheless, after establishing a prima facie case of discrimination, the plaintiff still has the ultimate burden of proving that the defendant's proffered reason for the employment decision was pretextual. Merrick v. Northern Natural Gas Co., 911 F.2d 426, 429 (10th Cir.1990). The district court determined that defendant's proffered reasons for plaintiff's discharge were not pretextual. Thus, we need not resolve whether plaintiff established a prima facie case of age discrimination. See Sorensen v. City of Aurora, 984 F.2d 349, 352 (10th Cir.1993).
 
 
 15
 Plaintiff also contends the district court failed to make factual findings necessary to support its ultimate finding concerning pretext. Plaintiff does not indicate what findings the district court should have made, nor does she provide a transcript relevant to this issue. Without a transcript, this court cannot review the trial court's factual findings and must accept them as correct. See Trujillo v. Grand Junction Regional Ctr., 928 F.2d 973, 976 (10th Cir.1991). An appellant has the duty to provide the record on appeal to the court of appeals. Fed.R.App.P. 11(a); 10th Cir.R. 11.1. When the appellant intends to challenge the district court's findings, the appellant must include in the record a transcript of all the evidence relevant to such a finding or conclusion. Fed.R.App.P. 10(b)(2); 10th Cir.R. 10.1.1. Therefore, we affirm.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The definition of harmful error has since been changed to mean an error which, in the absence or cure of the error, "is likely to have caused the agency to reach a conclusion different from the one" it reached. 5 C.F.R. § 1201.56(c)(3) (1992) (emphasis added)