Andrea G. BRIGGS

v.

John H. DALTON, Secretary of the Navy.

No. CIV.A. CCB–95–3064.

United States District Court,
D. Maryland.

July 2, 1997.

See also 1997 WL 705424.

· Andrea G. Briggs, Silver Spring, MD, pro se.

Donna C. Sanger, Office of U.S. Attorney, Baltimore, MD, Lynne A. Battaglia, Office of U.S. Attorney, Baltimore, MD, for Defendant.

## MEMORANDUM

BLAKE, District Judge.

Andrea Briggs, an African–American female who works as a Health Systems Specialist, GS–12, with the National Naval Medical Center ("NNMC") located in Bethesda, Maryland, has sued the Navy under the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1202 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Ms. Briggs alleges that she suffered discrimination because of her race and sex, and that she suffered retaliation because of her filing of an EEO complaint and identification of a problem in software scheduled for use in the NNMC that put patients at risk of harm. On April 14, 1997, this court granted the defendant's motion for summary judgment as to the plaintiff's Title VII claims. Now pending is the defendant's motion for summary judgment on the remaining CSRA claims. The court has read all the papers submitted, and no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, the defendant's motion for summary judgment will be granted.

The CSRA prohibits an employee from taking personnel action against another employee for disclosure of information the disclosing employee reasonably believes evidences a specific danger to public health or safety. *See* 5 U.S.C. § 2302(b)(8)(A)(ii) (1994). The statute is designed to protect "whistleblowers" from reprisal. Ms. Briggs' complaint that her supervisors at the NNMC took prohibited personnel action against her after she identified a problem in some new software that potentially threatened the health of the NNMC's patients involves conduct prohibited under § 2302(b)(8) of the CSRA.

Cases such as Ms. Briggs in which the plaintiff alleges claims of discrimination and claims of prohibited personnel practices,

not based on discrimination, are called "mixed cases." Under federal regulations, an employee may not pursue these claims under two separate statutory procedures simultaneously. *See* 29 C.F.R. § 1614.302(a)—(b) (1996); *McAdams v. Reno,* 64 F.3d 1137, 1141 (8th Cir.1995) ("A mixed case may be filed as a complaint with the agency's EEO department or as an appeal to the MSPB, but not both."). The employee is deemed to have elected to proceed in the forum where she first files her complaint. *See* 29 C.F.R. § 1614.302(b). This procedure does not extinguish either of the employee's claims. "Either agency is authorized, and required, to address both the discrimination issues and the civil service issues that arise in a mixed case." *McAdams,* 64 F.3d at 1141. Once the agency makes a final decision, the employee has thirty days to file an action in a federal district court to obtain judicial review of the agency's decision. *See* 5 U.S.C. §§ 7702(a)(2), 7703(b)(2); *McAdams,* 64 F.3d at 1142 ("Employees pursuing relief through an EEO mixed case complaint may file a civil discrimination action in federal district court within 30 days of a final decision by the agency ...." ).

■ When reviewing a claim that a federal employer engaged in prohibited personnel practices under the CSRA, a district court does not perform a de novo review. Generally, a final agency decision would be reviewed under the general standards set forth in the Administrative Procedures Act ("APA"), *see* 5 U.S.C. §§ 704, 706, but the judicial review standards set forth under the CSRA have been applied by district courts reviewing final MSPB decisions, *see Rana v. United States,* 812 F.2d 887, 888 n. 1 (4th Cir.1987) ("Proper charges of discrimination entitle a plaintiff to a de novo trial in district court on the discrimination issues; the nondiscrimination claims receive a record review."); *Romain v. Shear,* 799 F.2d 1416, 1421 (9th Cir.1986) ("The nondiscrimination claim in a mixed case is, however, reviewed on the administrative record under § 7703(c)(1)—(3)."). Although *Rana* and *Romain* were cases involving appeals from MSPB decisions, it is possible that the CSRA standards of review apply in this case. The court need not make a decision between the two standards to decide this case, however, because the standards of review under either statute are substantially the same. Under the APA, final agency decisions are reviewed to determine whether they are arbitrary and capricious, unsupported by substantial evidence, or otherwise not in accordance with the law. *See* 5 U.S.C. § 706(2)(A); *Duke Power Co. v. United States Nuclear Regulatory Comm'n,* 770 F.2d 386, 389 (4th Cir. 1985) (per curiam). Under the CSRA, the district court is limited to a review of the record to determine whether the agency's determination is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Thus, the court will review the agency's decision to determine whether it was arbitrary and capricious, unsupported by substantial evidence, or otherwise not in accordance with the law.

■ Ms. Briggs filed an administrative grievance with the NNMC under 5 U.S.C. § 2302, in which she claimed she was reassigned because she had identified and attempted to resolve the problem with the new software. (*See* Def.'s Mot. Summ. J. Ex. 1.) She had filed a Title VII complaint based on the same occurrences, however, just prior to filing her administrative grievance. Because Ms. Briggs filed her Title VII complaint first, she was deemed to have elected to proceed under the Title VII procedural framework. *See* 29 C.F.R. § 1614.302(b). The separate § 2302 grievance was canceled, and Ms. Briggs pursued both claims through her agency's EEO office. (*See* Def.'s Mot. Summ. J. Ex. 1.) After investigating the matter, the agency found that Ms. Briggs' claims were without merit. (*See* Administrative Record at p. 1, Def.'s Title VII Mot. Summ. J.) Having received a final agency decision, Ms. Briggs was entitled to file an action in a federal district court within thirty days to obtain judicial review of the agency's decision. *See* 5 U.S.C. §§ 7702(a)(2), 7703(b)(2). Although the defendant contends that Ms. Briggs has not exhausted her administrative remedies and is not entitled to bring her

CSRA claim before this court, the statute is clear that Ms. Briggs may bring a mixed case before this court within thirty days of a final agency decision. *See id.*[1]

Assuming the action is properly before this court, however, Ms. Briggs has not shown that she is entitled to the relief she seeks. Applying the appropriate standards of review to her claim, Ms. Briggs has not demonstrated that the agency's decision was arbitrary and capricious, unsupported by substantial evidence, or otherwise not in accordance with the law. Ms. Briggs does not present any procedural errors for this court to review; she primarily contends that the agency's decision is not supported by substantial evidence. The agency found that the NNMC articulated legitimate, nondiscriminatory reasons for its actions. (*See* Administrative Record at p. 1, Def.'s Title VII Mot. Summ. J.) Thus, the agency concluded that none of the personnel actions were taken because Ms. Briggs brought the alleged problem with the software to the attention of management. This conclusion was supported by substantial evidence. "Substantial evidence consists of 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Frederick v. Department of Justice,* 73 F.3d 349, 352 (Fed.Cir. 1996) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)); *accord NLRB v. Peninsula Gen. Hosp. Med. Ctr.,* 36 F.3d 1262, 1269 (4th Cir.1994). The record supports a finding that Ms. Briggs did receive appropriate training and assignments, and was supported by management. (*See id.* at pp. 52–61.) In fact, Ms. Briggs admitted that she has had extensive training. (*See id.* at p. 34.) As to Ms. Briggs alleged reassignment, the defendant introduced credible evidence that Ms. Briggs' assignment as head of Special Projects and the accompanying supervisory responsibilities were temporary and not to exceed 120 days. (*See id.* at pp. 56, 251.) Thus, Ms. Briggs was not reassigned; she merely returned to her prior duties when the term of the temporary detail expired.[2] The defendant also introduced evidence that Ms. Briggs was not promoted or upgraded because the actual work that she performed did not qualify her for the promotion that she sought. (*See* Petersen Aff. ¶¶ 1–2, 4, Administrative Record at pp. 156–57, Def.'s Title VII Mot. Summ. J.) Finally, the defendant introduced evidence that Ms. Briggs received her interim fully successful rating—instead of a rating of outstanding or exceeds fully successful—because she failed to complete some assignments in a timely manner and failed to respond to her e-mail quickly enough. (*See* Administrative Record at pp. 56, 58–59, Def.'s Title VII Mot. Summ. J.) The agency relied on this evidence in reaching its conclusion (*see id.* at pp. 1–7) and thus, the agency's decision that the personnel actions were taken for legitimate reasons was supported by substantial evidence found in the record. Accordingly, Ms. Briggs claims must fail, and the defendant's motion for summary judgment will be granted.

---

**1.** On this record it is unclear whether Ms. Briggs filed her action in this court within thirty days of receiving notice of the agency's final decision. Because the parties have not argued this point, the court will assume this action was timely filed.

**2.** The evidence from Teresa Roy submitted by Ms. Briggs does not warrant overturning the agency's decision.