<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1469**

BYRON J. LEE,

        Plaintiff – Appellant,

    v.

MICHAEL J. ASTRUE, Commissioner, Social Security
Administration,

        Defendant – Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(1:09-cv-00997-CCB)

Submitted: April 14, 2011        Decided: April 22, 2011

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas B. Corbin, THOMAS B. CORBIN, P.A., Baltimore, Maryland,
for Appellant.  Rod J. Rosenstein, United States Attorney, Neil
R. White, Assistant United States Attorney, Greenbelt, Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron J. Lee appeals the district court's judgment in Defendant's favor on his race and gender discrimination and retaliation claims, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2010). Lee asserts that the district court erred in granting Defendant's summary judgment motion on his retaliatory denial of a within-grade pay increase and termination claims because: (i) his supervisor admitted in his deposition that, in deciding to terminate Lee's employment, Defendant relied on Lee's failure to properly complete assignments that were not included in its proposal to remove Lee from federal service; and (ii) he disputes his supervisors' critique of his performance and asserts that the standards relied upon by Defendant were "impermissibly vague."[*] We have reviewed the district court's grant of summary judgment de novo,

---

[*] To the extent that Lee challenges the district court's dismissal of his retaliation claim based on Defendant's December 2006 failure to promote him to a GS-13 position, we hold that the district court correctly determined that Lee failed to establish a prima facie case of retaliation based on the non-selection because the twenty-one-month delay between Lee's March 2005 complaint and his non-selection negated any causal connection between the two events. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) ("A lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists between the two.").

viewing the facts and the reasonable inferences therefrom in the light most favorable to Lee, see Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010), and affirm the district court's judgment.

We hold that the district court correctly determined that "the fact that there was additional unsatisfactory work on which [Lee's supervisor] based his termination proposal does not demonstrate that [Defendant] acted adversely against Mr. Lee because of any factor other than his poor work performance." As the district court correctly noted, it was not incumbent on Lee's supervisors to describe every instance of Lee's underperformance in its proposal to remove him from federal service. Cf. Rana v. United States, 812 F.2d 887, 889 (4th Cir. 1987) (rejecting plaintiff's claim that government's case was a "moving target" and finding that trial court's finding of "no pretext" was not clearly erroneous, because even though testimony that plaintiff's work was "vague" and "imprecise" did not literally appear in notice of removal, the notice "contained specific instances of unacceptable performance as well as general conclusions that his effort was perceived to be below the standard for a high-level economist"). In any event, Lee provides no evidence that any of the other assignments to which his supervisor pointed as problematic met Defendant's standards

of performance any better than the five assignments that were described in the notice of proposed removal.

Although Lee also asserts that his work performance did not warrant discipline and that the standards used to evaluate his performance were suspect, we find that the district court correctly noted that it was Lee's supervisors' perception of his work performance that was relevant to its analysis, rather than Lee's self-assessment of his performance. See Evans v. Tech. Apps. & Serv. Co., 80 F.3d 954, 960-61 (4th Cir. 1996) ("It is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff.") (internal quotation marks and citation omitted). In the absence of evidence establishing a retaliatory motive, we will not second guess an employer's decision to discipline an employee. See Jiminez v. Mary Washington Coll., 57 F.3d 369, 383 (4th Cir. 1995) ("The crucial issue in a Title VII action is an unlawfully discriminatory motive for a defendant's conduct, not the wisdom or folly of its business judgment.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4