NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICIA W. DANIEL,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3040

---

Petition for review of the Merit Systems Protection Board in No. AT0752110374-I-2.

---

Decided: August 7, 2013

---

PATRICIA W. DANIELS, of Vicksburg, Mississippi, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were BRYAN G. POLISUK, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before PROST, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Petitioner Patricia W. Daniel seeks review of a decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. *See Daniel v. Dep't of the Army*, No. AT0752110374-I-2 (M.S.P.B. Sept. 12, 2012) ("*Initial Decision*"). For the reasons set forth below, we affirm the Board's decision.

## BACKGROUND

Ms. Daniel was employed as a GS-560-09 Budget Analyst for the U.S. Army Corps of Engineers. In January 2010, she was appointed to a position as a YA-1102-02 Contract Specialist. The Contract Specialist position required Defense Acquisition Workforce Improvement Act ("DAWIA") Level III certification. Ms. Daniel did not have the required certification at the time of her appointment, but she was permitted twenty-four months from the date of her appointment to obtain it.

Ms. Daniel's original Budget Analyst position was under the General Schedule ("GS") classification and pay system. Her new Contract Specialist position was under the National Security Personnel System ("NSPS"). However, in the National Defense Authorization Act for Fiscal Year 2010, Congress had repealed NSPS and required that all employees be converted from NSPS to other systems by the beginning of 2012. *See* Pub. L. No. 111-84, § 1113, 123 Stat. 2190, 2498-99 (2009).

In December 2010, the Army reviewed Ms. Daniel's position as part of the required conversion from NSPS. It determined that her YA-1102-02 Contract Specialist position would convert to a GS-1102-13 Contract Specialist position, which, like the NSPS position, would require DAWIA Level III certification. Unlike the NSPS position, however, the GS position would be a "non-developmental position," which meant Ms. Daniel would be required to

possess the certification at the time of appointment and was not permitted additional time to obtain it. Resp't App. 25. Ms. Daniel was well short of achieving DAWIA Level III certification, having failed, after eleven months in her position, to complete sufficient training to achieve even Level I certification. Accordingly, the Army determined that Ms. Daniel would not be qualified to remain in her position upon conversion to the GS system. In addition, while checking Ms. Daniel's training history and resume, the Army determined that she lacked specialized experience required for her YA-1102-02 Contract Specialist position and thus should not have been qualified for the position in the first place.

On December 10, 2010, the Army informed Ms. Daniel in a memorandum that she could not remain in her position and that it would attempt to locate another position for which she qualified. In a separate memorandum that same day, the Army offered Ms. Daniel a position as a GS-560-09 Budget Analyst—the same position she had held before she accepted the NSPS Contract Specialist position. The Army also informed Ms. Daniel that if she accepted the offer, she would be "entitled to pay retention," but if she declined the offer, she "may be separated from Federal service." *Id.* at 31. On December 21, 2010, Ms. Daniel emailed her supervisors to confirm that she accepted the offer. In her email, she noted that she "was offered a GS-09 position at MVD [Mississippi Valley Division] or be terminated from Federal Service with USACE [U.S Army Corps of Engineers]," and that she "ha[d] no alternatives to [her] livelihood but to accept the GS-09 position." *Id.* at 28. On December 23, 2010, the Army issued another memorandum informing Ms. Daniel that it viewed her acceptance of the GS-09 position as voluntary. It further advised Ms. Daniel that she had the right to appeal if she disagreed, but that the sole issue that would be addressed on appeal was whether her acceptance of the offer was voluntary or involuntary.

On January 21, 2011, Ms. Daniel appealed to the Board, alleging that she was coerced into accepting the GS-09 position. In particular, she claimed that her acceptance was the result of "Duress, Intimidation, and Time Pressure," and that she "was pressured by the Commander to accept the position or [she] would be removed from federal service." *Id.* at 18.

On June 6, 2012, an administrative judge issued an order informing Ms. Daniel that the Board might not have jurisdiction over her appeal because voluntary actions are not appealable to the Board. *See id.* at 39 (citing 5 C.F.R. § 752.401(b)(9)). The administrative judge advised Ms. Daniel of the requirements for establishing jurisdiction over allegations of involuntary demotion and ordered her to file a response with detailed factual allegations that one of the following things happened to her:

> (1) The agency made misleading statements on which you relied to your detriment; or (2) under all the circumstances the agency made your working conditions so difficult because of discrimination or another reason that a reasonable person in your position would have felt compelled to request assignment to a position at a lower grade and/or pay; or (3) your reduction in grade and/or pay was the product of mental incompetence, or was secured in violation of the law; or (4) if you accepted the assignment to a position at a lower grade and/or pay after the agency proposed to take a personnel action against you, you may prove your claim by showing that the agency knew that the reason for the threatened personnel action could not be substantiated.

*Id.* at 39.

Ms. Daniel filed a response in which she recounted the application process through which she obtained her position as a YA-1102-02 Contract Specialist, as well as

the events leading to her acceptance of the GS-560-09 Budget Analyst position. Her primary argument seemed to be that there must be an ulterior motive behind the Army's actions, and that she should "be given an opportunity of a hearing to show that something else other than an error is truly the reason why [she] was offered a change to a lower grade or be removed from 35 years of federal service." *Id.* at 52.

The Army responded with a motion to dismiss Ms. Daniel's appeal for lack of jurisdiction, arguing in relevant part that she had failed to make any non-frivolous allegations that her transition from her NSPS position to the GS-09 position was involuntary or coerced. Ms. Daniel filed a response to the Army's motion. This time, in addition to recounting the circumstances surrounding her initial appointment and subsequent reassignment, Ms. Daniel focused on the Board's jurisdictional requirements for "an appeal from the cancellation of a promotion or an appointment." *Id.* at 67. Specifically, Ms. Daniel cited multiple Board opinions in which it has stated:

> To establish Board jurisdiction in an appeal from the cancellation of a promotion or an appointment, the appellant must show that the promotion or appointment actually occurred; that is, that the promotion or appointment was approved by an authorized appointing official aware that he or she was making the promotion or appointment, and that some action denoting acceptance of the promotion or appointment was taken. In addition, the promotion or appointment must not have been revoked before the appellant performed in the higher grade. The appellant must also prove that the agency action is appealable, and that the agency is not merely correcting an error.

*Shafford v. U.S. Postal Serv.*, 103 M.S.P.R. 657, 660 (2006) (citations omitted), overruled on other grounds by

*Deida v. Dep't of the Navy*, 110 M.S.P.R. 408 (2009). Thus, the gravamen of her response appears to have been that she met the requirements for an appeal from the cancellation of a promotion.

On September 12, 2012, the administrative judge issued an Initial Decision dismissing Ms. Daniel's appeal for lack of jurisdiction. The administrative judge found, based on undisputed documentary evidence submitted by the Army, that Ms. Daniel had accepted the Army's offer to reassign her from the NSPS position to the GS-09 position. *Initial Decision* at 5. Citing long-standing Board precedent that a choice between two unpleasant options does not make an employee's decision involuntary, the administrative judge found that Ms. Daniel had failed to make a nonfrivolous allegation that her acceptance of the GS-09 position was involuntary. *Id.* at 5 (citing *Lawson v. U.S. Postal Serv.*, 68 M.S.P.R. 345, 350 (1995)). Because the Board does not have jurisdiction over appeals from voluntary actions, the administrative judge dismissed Ms. Daniel's appeal. *Id.* at 6.

Ms. Daniel did not seek further review by the Board, and the administrative judge's initial decision became final on October 17, 2012. Ms. Daniel appealed the Board's decision to this court.

## DISCUSSION

This court's review of a decision of the Board is limited. We must affirm the decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction over an appeal is a question of law that this court reviews without deference, while underlying findings of fact are reviewed for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

The Board has jurisdiction over appeals from adverse personnel actions such as removals and reductions in grade or pay. *See* 5 U.S.C. §§ 7512, 7513(d); 5 C.F.R. § 1201.3(a)(1); *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1324 (Fed. Cir. 2006) (en banc). The Board, however, does not have jurisdiction if an appeal involves a voluntary action by an employee. *See* 5 C.F.R. § 752.401(b)(9); *Clark v. U.S. Postal Serv.*, 989 F.2d 1164, 1169 (Fed. Cir. 1993).

On appeal, Ms. Daniel argues that the administrative judge erred in concluding that the Board lacked jurisdiction. Ms. Daniel asserts that the administrative judge failed to apply the correct law concerning jurisdiction over an appeal from the cancellation of a promotion. She argues that under the correct law, she made a "prima facie case of jurisdiction." Pet'r Br. 1. In particular, she contends that she "non-frivolously alleged that she was actually promoted, that she accepted the promotion, and that it was not revoked before she performed in the position." *Id.*; *see also Shafford*, 103 M.S.P.R. at 660 (setting forth Board's requirements for jurisdiction over an appeal from cancellation of promotion). At a minimum, Ms. Daniel contends that she is entitled to a hearing on the issue of jurisdiction.

Ms. Daniel is correct that the administrative judge did not address the Board's law concerning jurisdiction over an appeal from the cancellation of a promotion. Indeed, instead of treating Ms. Daniel's appeal as a challenge to the cancellation of a promotion, the administrative judge treated her appeal as an "involuntary demotion appeal." *Initial Decision* at 6.

Nevertheless, even if Ms. Daniel is correct that her claim is more properly characterized as a challenge to a cancellation of a promotion, as opposed to a demotion, the characterization of her claim is irrelevant. Because the Board lacks jurisdiction over appeals involving voluntary

actions by employees, *see* 5 C.F.R. § 752.401(b)(9), the dispositive issue is whether Ms. Daniel voluntarily accepted the Army's offer to reassign her to the position of GS-560-09 Budget Analyst.

An employee's acceptance of a position at a reduced grade, like a decision to retire or resign, is presumed to be voluntary. *See Christie v. United States*, 518 F.2d 584, 587 (Ct. Cl. 1975). Moreover, as this court has explained, "the fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary." *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124 (Fed. Cir. 1996).

Applying these principles to Ms. Daniel's case, we see neither legal error nor a lack of substantial evidence in the Board's finding that her decision to accept the Army's offer to reassign her to the GS-560-09 Budget Analyst position was voluntary for purposes of Board jurisdiction. Ms. Daniel was faced with two unpleasant options—she could accept the lower-grade position or she could refuse the Army's offer and fight her possible removal from the Army. She chose to accept the lower-grade position. The prospect of fighting her possible removal from the Army may not have seemed like a desirable option, but it was nevertheless an option. Therefore, consistent with our precedent, Ms. Daniel's acceptance of the lower-grade position must be deemed voluntary.

Accordingly, Ms. Daniel has failed to make a nonfrivolous allegation that her reassignment to the GS-560-09 Budget Analyst position was involuntary or coerced. We therefore affirm the administrative judge's conclusion that the Board lacked jurisdiction to hear Ms. Daniel's appeal.

**AFFIRMED**

## Costs

Each party shall bear their own costs.