**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1458

THOMAS F. SWEENEY,

       Petitioner - Appellant,

    v.

MERIT SYSTEMS PROTECTION BOARD,

       Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Claude M. Hilton, Senior District Judge.  (1:17-cv-00926-CMH-IDD)

Argued:  May 9, 2019                          Decided:  June 14, 2019

Before GREGORY, Chief Judge, and WYNN and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  William Paul Bray, OTEY SMITH & QUARLES, Williamsburg, Virginia, for Appellant.   Dennis Carl Barghaan, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:**  Matthew W. Smith, OTEY SMITH & QUARLES, Williamsburg, Virginia, for Appellant.   G. Zachary Terwilliger, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas F. Sweeney ("Appellant") filed a "mixed case" appeal with the Merit Systems Protection Board ("Appellee" or "MSPB"), i.e., a discrimination claim coupled with a challenge to a personnel action decision. Specifically, Appellant alleged that the Federal Aviation Administration ("FAA") discriminated against him on the basis of gender and improperly forced him to accept a reassignment that resulted in a reduction in grade and pay.

The MSPB, however, concluded that it lacked jurisdiction to entertain Appellant's claims because Appellant voluntarily accepted the reassignment. Appellant then filed a complaint in the district court seeking review *only* of the MSPB's decision that it lacked jurisdiction. The district court granted the MSPB's motion to dismiss the complaint. In this appeal, Appellant argues that the district court erred by: (1) failing to convert MSPB's motion to dismiss to a motion for summary judgment; and (2) failing to recognize that genuine issues of material fact remain on the jurisdictional issue. As explained below, we reject these arguments and affirm.

I.

A.

Factual Background

On August 5, 2009, Appellant began working for the FAA as a developmental air traffic control specialist ("ATCS"). A developmental ATCS must successfully complete extensive training before becoming a certified professional controller ("CPC"). Pursuant to FAA policy, in order to remain employed with the FAA as an air traffic controller, an

2

individual must satisfactorily complete the FAA's training program, become a CPC, and obtain "facility or area certification" at the facility to which the individual is assigned. J.A. 130.[1] But, if a developmental ATCS demonstrates an "[i]nability to successfully complete an air traffic control training program," FAA officials may ask a training review board to make a recommendation to the facility's air traffic manager whether to terminate that controller's training program. *Id*. at 129–30.

After completing an initial training period, in December 2009 Appellant reported to the Washington Air Route Traffic Control Center in Leesburg, Virginia (the "Washington Center"). In December 2012, during Appellant's time at the Washington Center, FAA officials identified deficiencies in his work performance and placed him in an additional remedial training program. They then suspended his training on February 22, 2013. On April 11, 2013, a training review board concluded that he was not likely to obtain facility or area certification at the Washington Center. The training review board recommended that Appellant's training be discontinued.

As a result, the Air Traffic Manager, Steven Stooksberry, sent Appellant a memorandum titled "Discontinuation of Training" dated April 15, 2013. J.A. 67. Stooksberry wrote, "This memorandum is notification that your training is being terminated due to unsatisfactory performance . . . ." *Id.* The memorandum informed Appellant of the training review board's recommendation, and Stooksberry's

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

determination that Appellant "ha[d] been offered every opportunity to succeed in the ATCS Training Program and that [Appellant had] not demonstrated that [he] possess[ed] the knowledge, skills, and abilities required to safely perform the duties of a CPC" at the Washington Center. *Id.* "Therefore," Stooksberry wrote, "it is my decision that your training be discontinued." *Id.* The memorandum also provided Appellant with an opportunity to respond within seven days, and noted that in the event Appellant failed to respond, "the appropriate action (position change or separation) shall be initiated." *Id.*

On April 23, 2013, Appellant responded to Stooksberry's memo. Appellant's response did not challenge the discontinuation of Appellant's training at the Washington Center. Instead, Appellant requested that the FAA "recommend [him] for continued employment and placement at a lower level FAA Air Traffic Control Facility." J.A. 148. He added, "I believe I can be a CPC at a different facility." *Id.* On May 13, 2013, Stooksberry sent Appellant a memo stating, "[I]t is my final determination that your training at [the Washington Center] be terminated." *Id.* at 104.

When an ATCS has been unsuccessful in completing training at a particular facility, the FAA's National Employee Services Team recommends to senior management whether to offer that ATCS reassignment at a different facility. An ATCS who accepts reassignment is provided with a "clean slate" with respect to his training, and thus, he may reapply for a position at a higher level facility in the future. J.A. 131. But if the ATCS does not accept the reassignment, the FAA may "initiate proper separation activities," *id.*; i.e., propose the individual's removal from federal service.

4

However, the individual has an opportunity to respond to the removal determination before the FAA issues a final employment decision.

Pursuant to this policy, in another memorandum dated November 29, 2013 (the "Reassignment Memo"), the FAA offered to reassign Appellant to a position as an air traffic control specialist at Harrisburg International Airport, a lower-level facility. The Reassignment Memo stated that the reassignment would be at Appellant's own expense, and that if he "decline[d] . . . this offer, there is no assurance that any other offer will be forthcoming." J.A. 64. Additionally, the Reassignment Memo stated that if Appellant did "not accept this reassignment" to Harrisburg, his "removal from [his] ATCS position and from the Federal Service will be proposed." *Id.* at 65. Finally, the Reassignment Memo stated: "I fully understand this process and consider it to be for my personal benefit and . . . the Agency has not exercised any pressure on me." *Id.* Appellant accepted all of the terms of the Reassignment Memo by signing it on December 3, 2013. Appellant then transferred from the Washington Center to the Harrisburg International Airport, where he remained employed as an ATCS when this case was filed in district court.

## B.

### Procedural History

#### 1.

#### Appellant's FAA Complaint

Appellant, proceeding pro se, filed a complaint with the FAA alleging that the termination of his training and his subsequent transfer were the result of unlawful gender

discrimination.  *See* 29 C.F.R. § 1614.302(a)(1).  The FAA was then obligated to investigate Appellant's allegations of employment discrimination and issue a final agency decision ("FAD").  *See id.* § 1614.302(d); *see also id.* § 1614.101–110.

On July 28, 2014, the FAA completed its investigation of Appellant's complaint and subsequently issued its FAD.  The FAD concluded that Appellant had established a prima facie case of gender discrimination, but that he failed to produce sufficient evidence of pretext; thus, the agency made an overall finding of no discrimination.

2.

MSPB Proceedings

Appellant, still pro se, filed a mixed case appeal with the MSPB on October 15, 2014, which, in addition to review of his discrimination allegations, sought review of the FAA's termination of his training and subsequent transfer to Harrisburg.

On October 23, 2014, an MSPB Administrative Judge ("AJ") issued an order to show cause requiring Appellant to address whether the MSPB could exercise jurisdiction over his case.  The AJ explained that "[t]he [MSPB] does not have jurisdiction over all actions that are alleged to be incorrect but only those actions in which jurisdiction is provided by pertinent statutes and regulations," and "[i]t is the appellant's burden to establish that the [MSPB] has jurisdiction over this appeal."  J.A. 31.

On November 2, 2014, Appellant responded to the order and asserted that the Harrisburg reassignment resulted in a reduction in grade and pay, and he explained that the Reassignment Memo "stated if I did not accept the offer of assignment [to Harrisburg], my *involuntary removal* from my ATCS position and Federal Service will

6

be proposed." J.A. 44 (emphasis supplied). On December 4, 2014, the AJ issued a supplemental order to show cause that "afford[ed] him another opportunity to submit evidence and argument to show cause why this appeal should not be dismissed." *Id*. at 52. This order advised Appellant that although the MSPB typically possessed jurisdiction over reassignments that were accompanied by a reduction in grade and/or pay, reassignment must have been "involuntary" for jurisdiction to attach. *Id.* at 53. The order informed Appellant that it was "incumbent on [him] to establish that his acceptance of the agency's offer rendered the assignment . . . involuntary because it was the result of duress, coercion, or misrepresentation by the agency." *Id.* at 54–55. In his response, filed December 14, 2014, Appellant noted that "[i]t is obvious that if I did not accept my reassignment I would have been removed from service." *Id*. at 61.

On April 12, 2016, the AJ issued her decision, concluding that the MSPB lacked jurisdiction to consider Appellant's case. Specifically, the AJ held that the MSPB could not exercise jurisdiction over Appellant's reassignment to Harrisburg because there was no evidence that in agreeing to the reassignment, Appellant was deprived of the "freedom of choice." J.A. 170. The AJ noted that Appellant "accepted the reassignment," and the FAA's explanation that his removal from employment would be proposed if he declined the reassignment did not render that assignment involuntary:

> [T]he fact remains that [Appellant] had an option in that he could have declined [reassignment] and then challenged the removal action. The fact that he accepted the reassignment in lieu of removal does not make his reassignment involuntary because he had the option to face removal and exercise his appeal rights to the E[qual] E[mployment] O[pportunity] C[ommission] and/or the MSPB. While this is admittedly an

7

> unpleasant choice to face, it is well established that the fact that an employee is faced with unpleasant alternatives does not in and of itself render the situation improperly coercive.

*Id.* at 171.

Appellant filed a petition for review of the AJ's decision with the full MSPB. On September 23, 2016, the MSPB issued a final order that affirmed the AJ's decision, explaining that it lacked jurisdiction over Appellant's reassignment to Harrisburg because "[a] choice between unpleasant alternatives does not render a decision to accept the agency's proposal involuntary." J.A. 211.[2]

3.

District Court Proceedings

Appellant filed a petition for review of the MSPB's final order in the Federal Circuit. However, as a result of the Supreme Court's intervening decision in *Perry v. MSPB*, 137 S. Ct. 1975 (2017) (holding that if the MSPB dismisses a mixed case on jurisdictional grounds, the district court, not the Federal Circuit, is the proper forum for judicial review), Appellant's petition was transferred to the United States District Court for the Eastern District of Virginia.

---

[2] Both the AJ and the MSPB rejected Appellant's argument that the May 13, 2013 termination of his training violated due process, and that termination was an adverse action over which the MSPB possessed jurisdiction. *See* J.A. 168, 211–13. Although not specifically raised in this appeal, we agree with the AJ and MSPB that, absent circumstances not present in this case, denial of training is not within the MSPB's jurisdiction. *See* 5 C.F.R. § 1201.3(a).

The district court ordered Appellant to file a formal complaint, and he did so on December 18, 2017. Although Appellant premised the district court's jurisdiction in part on Title VII of the Civil Rights Act of 1964, the complaint did not present a cause of action under Title VII or otherwise seek the district court's adjudication of his gender discrimination allegations. The complaint only sought judicial review of the MSPB's conclusion that it lacked jurisdiction to entertain his mixed case.

On February 5, 2018, the MSPB moved to dismiss the complaint and attached the Administrative Record from the MSPB proceedings. The MSPB also provided Appellant with notice that its motion was dispositive and informed him of his right to file a response to the motion. However, Appellant did not file a response.

On March 13, 2018, the district court granted the MSPB's motion and dismissed the complaint. In doing so, the district court concluded that the MSPB lacked jurisdiction to consider any employment decision that involved any "voluntary action by the employee," J.A. 290 (quoting 5 C.F.R. § 752.401(b)(9)), and that the MSPB had correctly concluded that Appellant's reassignment to Harrisburg was such a voluntary action.

On April 6, 2018, Appellant filed a motion for reconsideration of the district court's dismissal order. Appellant asserted that he had not filed a response to the MSPB's motion to dismiss because the legal argument that he would have articulated in such a response was already set forth in his complaint; accordingly, his response "would have been a 'cut and paste' [which would] be irrelevant and a waste of this Court's time." J.A. 294. Appellant challenged neither the accuracy of the Administrative Record, nor the district court's use of the Administrative Record in resolving the MSPB's motion to

9

dismiss. The district court denied Appellant's motion for reconsideration, and this appeal followed.

We possess jurisdiction pursuant to 28 U.S.C. § 1291, and we review the grant of a motion to dismiss de novo. *See ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019).

## II.

## A.

### Failure to Convert to Summary Judgment Motion

Appellant first contends that the district court erred by failing to convert MSPB's motion to dismiss into a motion for summary judgment. Specifically, he claims the district court was required to do so under Federal Rule of Civil Procedure 12(d) when it reviewed material outside the pleadings, namely, the MSPB Administrative Record.[3]

Even if the district court erred in this regard, "[a] district court's failure to comply with the procedural safeguards of Rule 12(d) does not constitute reversible error if it did not *prejudice* the parties." *Russell v. Harman Int'l Indus., Inc.*, 773 F.3d 253, 255 (D.C. Cir. 2014) (emphasis in original).

---

[3] Rule 12(d) provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. Proc. 12(d).

For his part, Appellant asserts four reasons that the error was not harmless:

> (1) "Rule 12(d) requires that [Appellant] be given a reasonable opportunity to submit 'all the material that is relevant to the motion' of which he was deprived";

> (2) "Rule 56(c) and (e) afford [Appellant] important protections by requiring the moving party to clearly identify the basis for summary judgment and the materials in the record supporting such a motion";

> (3) "Rule 56(d) protects [Appellant] from summary judgment based on facts not available to him at the time the motion is considered"; and

> (4) "[T]he district court's own Local Rules contain requirements for summary judgment motions that enhance the protections of Rule 56. [Appellant] was afforded none of these protections in the proceedings below."

Appellant's Br. 3 (citation omitted). None of these arguments demonstrate that Appellant was prejudiced by the district court treating the MSPB's motion as one to dismiss rather than one for summary judgment.

As to his first argument, Appellant was not deprived of a reasonable opportunity to submit "all the material that is relevant to the motion" for two reasons. Appellant's Br. 3. First, Appellant would not have been permitted to introduce additional material in any event because the jurisdictional claim was governed solely by the Administrative Record. *See Rana v. United States*, 812 F.2d 887, 888–89 n.1 (4th Cir. 1987); *Rockwell v. Dep't of Transp.*, 789 F.2d 908, 913 (Fed. Cir. 1986) (per curiam). Second, to the extent Appellant wished to argue that there were genuine disputes of material fact precluding summary judgment (or any other argument, for that matter), he had an opportunity to do so -- by filing a response to the motion. He elected not to. And, of note, Appellant does

11

not assert that he was unaware of his right to file a response. To the contrary, Appellant states that he chose not to file a response because any argument that he would have presented was already in his complaint.

As for Appellant's second and fourth arguments, he asserts that the district court's failure to convert the motion prejudiced him because he was deprived of various procedural benefits under Rule 56 and the district court's own local rules. *See* Appellant's Br. 3, 8–10. But Appellant fails to demonstrate how this prejudiced him. Significantly, Appellant does not allege that the district court's strict compliance with all applicable rules would have changed Appellant's behavior in any way. And, even on appeal with the benefit of counsel, Appellant fails to identify any material dispute of fact that would have precluded summary judgment. Instead, he attempts to rehash the facts underlying his gender discrimination claim, which he abandoned in the district court. Finally, a district court's alleged failure to comply with its own local rules is not a basis for reversal by an appellate court, particularly where Appellant has not identified any basis for prejudice.

As to Appellant's third argument, the MSPB attached the Administrative Record to its motion; therefore, the motion was not granted "based on facts not available to [Appellant] at the time the motion [was] considered." Appellant's Br. 3. Indeed, Appellant does not identify what those facts might be and did not challenge the use of the Administrative Record in district court.

To be sure, Appellant was a pro se litigant, and as a result, the district court must read the pleadings liberally in his favor. *See Kerr v. Marshall Univ. Bd. of Governors*,

12

824 F.3d 62, 72 (4th Cir. 2016).  But the court cannot prosecute Appellant's claim for him.  Where Appellant (1) declined to file a response to the motion to dismiss or challenge the district court's consideration of the Administrative Record; (2) does not allege that strict compliance with the summary judgment procedural requirements would have changed his decision not to respond to the motion; and (3) cannot, even with the benefit of appellate counsel, point to particular disputed *facts* that would have precluded summary judgment, we cannot conclude Appellant was prejudiced by any error on the district court's part, regardless of his pro se status.

For these reasons, assuming the district court should have converted the motion to dismiss to one for summary judgment, any error was harmless.

B.

Genuine Issues of Material Fact

We next address whether the MSPB was correct in deciding as a matter of law that Appellant's reassignment was a product of Appellant's voluntary choice, thereby depriving it of jurisdiction.  Appellant contends this was improper because genuine issues of material fact remain on this issue.

1.

The MSPB's Jurisdiction

The MSPB has jurisdiction to adjudicate challenges to certain adverse employment actions taken by a federal agency against its employees.  *See* 5 U.S.C. § 7701(a); *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1327 (Fed. Cir. 2006) (en banc).  As relevant here, when a federal employee suffers an employment action that he

13

or she believes to be unwarranted, and that the MSPB has jurisdiction to review, the employee can challenge the action through an "appeal" to the MSPB.

The MSPB possesses jurisdiction to consider "any action which is appealable to the [MSPB] under any law, rule or regulation." 5 U.S.C. § 7701(a). However, "[t]he jurisdiction of the MSPB is not plenary, but is limited to those areas specifically granted by statute or regulation. . . . In other words, jurisdiction for the [MSPB] to hear a particular type of action must be granted by some law, rule or regulation." *Garcia*, 437 F.3d at 1327 (quoting *Antolin v. Dep't of Justice*, 895 F.2d 1395, 1396 (Fed. Cir. 1989) (internal quotation marks omitted)).

Pursuant to 5 U.S.C. § 7513(d), the MSPB has jurisdiction to hear appeals over certain enumerated adverse actions taken by an agency against an employee. The enumerated adverse actions are: (1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less. *See* 5 U.S.C. § 7512.

However, the MSPB does not have jurisdiction to review *voluntary* actions by the employee. *See* 5 C.F.R. § 752.401(b)(9); *Garcia*, 437 F.3d at 1328 ("Nothing in 5 U.S.C. § 7512, which enumerates specific adverse actions over which the [MSPB] has jurisdiction, extends the [MSPB's] jurisdiction to facially voluntary acts."). Accordingly, an employee who *voluntarily* accepts a reduction in grade or pay (which are otherwise reviewable adverse actions) has no right to appeal to the MSPB. *See id.* There is an exception to this general rule, however, "if the employee proves, by a preponderance of the evidence, that his or her action was involuntary and thus tantamount to a forced

14

enumerated adverse action." *Id.* at 1329 (alterations and internal quotation marks omitted).

2.

Voluntary Action

To establish that a seemingly voluntary action was nonetheless involuntary, an employee must show by a preponderance of the evidence that (1) the agency "effectively imposed" the terms of the action; (2) the employee "had no realistic alternative" but to take the action; and (3) the action was "the result of improper acts by the agency." *Garcia*, 437 F.3d at 1329 (internal quotation marks omitted). The test is an objective one that is based on the totality of the circumstances, and the "employee must establish that a reasonable employee confronted with the same circumstances would feel coerced into" taking the action. *Id.* (internal quotation marks omitted).

We conclude the district court was correct in deciding that Appellant cannot meet this standard. Although Appellant had to choose between the unattractive options of participating in termination proceedings or being reassigned to Harrisburg, he was still presented with a choice. Both the Federal Circuit and the MSPB have repeatedly held that "the fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary." *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124 (Fed. Cir. 1996); *see also Gaudette v. Dep't of Trans.*, 832 F.2d 1256, 1259 (Fed. Cir. 1987) (concluding an air traffic controller's reassignment was voluntary in similar circumstances, explaining the fact that "the employee would prefer to stay in the position from which he or she faces

15

possible removal and dislikes taking a pay-cut does not make their decision to accept the offer of a lower-grade position legally involuntary"); *Loggins v. U.S. Postal Serv.*, 112 M.S.P.R. 471, 476 (2009) ("An employee's acceptance of a lower-graded position is generally considered to be voluntary and not subject to the Board's jurisdiction."); *Reed v. U.S. Postal Serv.*, 99 M.S.P.R. 453, 460 (2005) (same), *aff'd*, 198 F. App'x 966 (Fed. Cir. 2006). Similarly, the Federal Circuit has held that a federal employee who, like here, accepts reassignment to a lesser position in lieu of facing proposed removal cannot demonstrate that the reassignment is "involuntary" so as to vest the MSPB with jurisdiction. *See Daniel v. MSPB*, 534 F. App'x 937, 941 (Fed. Cir. 2013). Accordingly, Appellant has not shown that the FAA effectively imposed the Harrisburg reassignment on him or that he had no realistic alternative (as opposed to no attractive alternative) other than to accept the reassignment.

Nor did the reassignment result from improper acts by the FAA. Indeed, Appellant signed the Reassignment Memo, which stated, "I fully understand this process and consider it to be for my personal benefit and . . . the Agency has not exercised any pressure on me." J.A. 65. The district court correctly determined that Appellant's reassignment was voluntary as a matter of law, and thus, the MSPB properly dismissed Appellant's case for lack of jurisdiction.

III.

For the foregoing reasons, we affirm the district court.

*AFFIRMED*

16